CATHERINE J. ULLRICH vs. HERMAN L. ULLRICH.

Third Judicial District, New Haven, January Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

The allegations of a complaint attacking a conveyance as fraudulent, must
show that a debt or legal duty was due from the grantor to the plain-
tiff, the payment or discharge of which is in some way injuriously
affected by such conveyance ; otherwise the complaint is demurrable.

The plaintiff sought to restrain the defendant from taking possession of
certain real estate conveyed to him by the plaintiff's husband, upon the
grounds that such conveyance was in fraud of her right of support,
and that it deprived her of her right to attach the land in a suit for
divorce and alimony.   On demurrer to the complaint it was held, that
in the absence of any allegation that the husband had neglected or
refused to provide the plaintiff with suitable and proper support, or
that the transfer of the property in question had lessened or diminished
in anyway his present or future ability to furnish such support, it did
not appear that the conveyance was made with intent to avoid this
duty.   Respecting her right of attachment, the plaintiff alleged merely
that she had threatened to bring suit and attach this property, but
failed to allege that she had any cause for divorce or any claim for
alimony, or that she had ever brought proceedings therefor and at-
tempted to attach this property, or that she had been prevented or hin-
dered from doing so by the conveyance in question.   Held that it did
not appear that the plaintiff had any kind of pecuniary right or claim
against her husband, and that the complaint was in this respect also
deficient.

Whether the continuing duty of the husband to support his wife is within,
the protection of our statute or common law against fraudulent con-
veyances, quære.

[Argued January 21st—decided February 23d, 1897.]

SUIT to restrain the defendant from proceeding with an
action of summary process against the plaintiff, brought to
the Court of Common Pleas in New Haven County and tried
to the court, Hotchkiss, J., upon the defendant's demurrer
to the complaint; the court overruled the demurrer and ren-
dered judgment for the plaintiff, and the defendant appealed
for alleged errors in the rulings of the court.   Error and
judgment reversed.

The case is sufficiently stated in the opinion.

*William H. Ely* and *Howard C. Webb,* for the appellant (defendant).

The allegations of the complaint do not show that the plaintiff had any cause for divorce against her husband, and the consequent right to claim alimony. They do not show that, if she had any legal claim for alimony, he did not have sufficient attachable property to respond to any judgment she might obtain. They do not show that he has ever refused to support his family, including his wife, or has any intention of so refusing. They do not show that he has not always been willing to furnish a suitable place for his wife and family to live in. The plaintiff cannot be classed as a creditor, and surely there can be no law to prevent a man giving away his property, unless the rights of creditors are interfered with. *Cowles* v. *Bacon,* 21 Conn. 451, 465; *Burton* v. *Jones,* 8 id. 185, 190; *Sell* v. *Bailey,* 21 N. E. Rep. 368, 369; *Taylor* v. *Johnson,* 15 id. 238, 240. It is claimed that one intent on the part of the husband was to deprive the plaintiff of this particular place of abode. But the husband has a right to decide where his wife and family shall reside, if he selects a suitable place; and there is no claim that he is unwilling to provide such a place, or is not acting in good faith in wishing her to move. 9 Amer. & Eng. Ency. of Law 812.

*John A. Matthewman,* for the appellee (plaintiff).

The husband's property is liable for the support of his wife, and bound to respond to her claim for alimony. *Green* v. *Adams,* 7 Vt. 607; *Killinger* v. *Reidenhauer,* 6 S. & R. 531, 533; *Clifford* v. *Kampfe,* 84 Hun, 394. Our statute of fraudulent conveyances is broad enough to include within its scope the rights of a wife in the property of her husband. Gen. Stat., § 2528; *Feltz* v. *Walker,* 49 Conn. 99. See also *Fields* v. *Fields* (Wash.), 27 Pac. Rep. 267; *Walker* v. *Walker,* 27 L. R. A. 799; *Morrison* v. *Morrison,* 49 N. H. 69, 72; *Bailey* v. *Bailey,* 61 Me. 361; *Dugan* v. *Tresler,* 69 Ind. 553; *Chase* v. *Chase,* 105 Mass. 387. This rule is applicable where the wife has merely threatened to sue for

a divorce, and the husband has conveyed away the property in order to prevent its attachment for alimony. *Stuart* v. *Stuart*, 123 Mass. 371; *Frakeo* v. *Brown*, 2 Blackf. (Ind.) 299; *Green* v. *Adams*, *Clifford* v. *Kampfe*, *supra*. It makes no difference that the grantor has other property. *Beers* v. *Botsford*, 13 Conn. 154. The plaintiff has also the right to live in the home of her husband, or to remain on property which rightfully belongs to her husband, unless he, acting in good faith, selects for her another habitation and a home. It clearly appears that the husband has provided no home other than the property on Mansfield street, for the plaintiff. The complaint alleges that if the defendant succeeds in said summary process suit, the plaintiff and her three infant children will be forced out upon the public streets in New Haven.

TORRANCE, J. This is an appeal from the judgment of the court below, in overruling the demurrer to the complaint and in rendering judgment in favor of the plaintiff. The material allegations of the complaint may be stated as follows :—

The plaintiff is the wife of Conrad F. Ullrich, a brother of the defendant, and in March, 1894, she and her husband with their three children resided upon the premises described in the complaint, in New Haven, and then owned by the husband. In March, 1894, the husband, " without just cause or reason, brought a petition against the plaintiff for a divorce, in the Superior Court for New Haven county, alleging therein adultery as the cause of his complaint." While this action for divorce was pending, the plaintiff "threatened to bring a cross-bill against her husband for a divorce, and also threatened her husband with attaching his property to secure her claim for alimony in case she was successful." Thereupon the husband, " believing that his said property was to be attached for the purpose alleged, on the 3d day of March, 1894, deeded said property collusively and without consideration, and with intent to defraud the plaintiff . . . of her rights as his wife, to one Mary U. Tiffany, his sister, of the town of Hartford, by quitclaim deed dated on said 3d day of March,

1894, and it was understood between the parties to the conveyance, that if the said Conrad F. Ullrich was successful with his divorce petition and should obtain a favorable decree, then the said Mary U. Tiffany was to re-deed the property back to him; and the said Mary U. Tiffany did, in fact, on the said 3d day of March, 1894, execute a quitclaim deed of said property back to said Conrad F. Ullrich, with the understanding with him that the same should not be filed for record until such time as he should obtain his decree." On the same day the husband "left said premises in possession of his wife and three children, and since said time has not resided there or made it his home;" but the premises since then have been, and are now, occupied by the plaintiff and her children. Subsequent to this time the husband's petition for divorce was heard, "and was denied and dismissed" by the court in December, 1894. In March, 1895, the husband "brought another petition for divorce against his said wife, the plaintiff, alleging therein the same cause of action as was fully heard by said Superior Court under his said petition dismissed and denied in the former divorce proceedings. Again believing that his wife would bring a cross-bill and attach his property as aforesaid, to protect her rights and alimony, said Conrad F. Ullrich caused the said Mary U. Tiffany to convey, without consideration and with intent to defraud and deprive his said wife from obtaining her rights to the premises, the said property aforesaid to the defendant herein, Herman L. Ullrich." Said conveyance was made on the 2d day of April, 1895. "On or about the 1st day of April, 1894, she, the said Mary U. Tiffany, claimed to have leased said property to her brother, the said Conrad F. Ullrich, and to his wife," the plaintiff. In July, 1895, the defendant "commenced summary proceedings against the said Conrad F. Ullrich, to quit possession of said premises, and made the same returnable before Charles Kleiner, justice of the peace for said New Haven county." Said proceedings were instituted by the defendant against the husband, at the suggestion of the husband, and with the understanding between them, that the husband "would permit judgment to

be taken against him by default." The complaint further alleged that said summary proceedings were pending before said justice of the peace, and that a hearing was to be had thereon on the 21st of July, 1896; and that if the husband "permits judgment to be taken against him in said suit, and execution issues, it will deprive the plaintiff of her habitation and her home, and will place her and her three infant children upon the public streets of New Haven." The relief prayed for was (1) damages; (2) an injunction restraining the defendant and his agents from proceeding with said summary process "for the purpose of ousting the plaintiff from such premises;" (3) a temporary injunction to that effect.

The substance of the demurrer may be thus stated. It does not appear: (1) that the defendant knew of the husband's acts or purposes in his dealings with the sister; (2) that the husband has ever refused or neglected to suitably provide for his wife and children; (3) that plaintiff ever began any divorce proceedings against her husband, or that she had in fact any cause for divorce; (4) that the husband had not other property sufficient to secure any contingent claim for alimony; (5) that the defendant is not the owner in fee simple of the premises in question; (6) that the plaintiff has any title to said property.

The court overruled the demurrer and, no other plea or answer having been filed, granted a permanent injunction as prayed for.

It is perhaps not quite clear whether the complaint fairly charges the defendant with knowledge of the husband's purpose in making the conveyance to the sister, or to the defendant; or with any intent to aid the husband in carrying out that purpose. Assuming however that it does so, as the plaintiff claims, then the gist of the complaint may be stated thus: (1) The plaintiff threatened to bring a cross-bill for divorce against her husband, and to attach the real estate described in the complaint to secure her contingent claim for alimony; (2) the husband made the conveyance to the defendant for the purpose of defeating the threatened attachment; (3) the defendant accepted the conveyance with

knowledge of the husband's purpose in making it, and with intent to aid him in carrying out that purpose; (4) the defendant, in collusion with the husband, is prosecuting the summary process proceedings to obtain possession of the premises conveyed to him.

The important question in the case is whether the complaint shows that any legal right of the plaintiff was injuriously affected by the conveyance in question; for since it is not alleged that it was made to avoid or prejudice the rights of persons other than the plaintiff, it must follow that it was a valid conveyance as to her, unless the complaint shows that it was made to avoid some debt or duty which the husband owed to her, and with respect to which she was within the protection of our rules of common or statute law against fraudulent conveyances.

Under the allegations of this complaint the husband had a perfect right, as owner, to make a gift of the property to his brother or to anyone else, if in so doing no legal right of his wife was injuriously affected in any way. In the plaintiff's brief it is claimed that the complaint fairly shows that two such rights of the wife were thus affected by the conveyance in question, namely: (1) her right of support from her husband; (2) her right to attach the land in a proceeding for divorce and alimony.

In regard to first claim, two questions arise: (1) Whether the duty to support, which is a continuing one, is a debt or duty within the protection of our statute (General Statutes, § 2528), or our rules of common law, against fraudulent conveyances; (2) whether the complaint alleges that the conveyance in question was made with intent to avoid this duty. With reference to the first question, we are not aware of any case anywhere, which holds that a duty of this kind is within the protection of any statute, or of the rules of the common law, against fraudulent conveyances. The duty protected by such rules or statutes is generally some particular specific duty to pay money or money's-worth, and not a general continuing duty, like this of support, to pursue a certain course of conduct.

But it is not necessary to decide this question in this case, because we are of opinion that the complaint fails to allege that the conveyance was made with intent to avoid this duty to support. It is nowhere alleged specifically that the conveyance was made with any such intent, and the allegations in the 6th and 11th paragraphs, that it was made "for the purpose of depriving the plaintiff of her rights as his wife," and "from obtaining her rights in the premises," have reference, we think, to the right to attach and not to the right of support. It is not alleged that the husband failed, neglected, or refused, to furnish suitable and proper support; nor that the conveyance lessened or diminished in any way his present or future ability or capacity to furnish such support; and for aught that appears he has hitherto furnished such support and is abundantly able to continue to do so. The first claim, then, may be laid out of the case.

The gist of the entire complaint is contained in the second claim, that the conveyance was made to defeat the threatened attachment under the circumstances alleged, and was therefore void as against the plaintiff, under the statute aforesaid.

Upon the facts alleged, the plaintiff's claim is that she stands with reference to this conveyance in the position of a creditor of her husband. This claim is not tenable. She does not allege that her husband owed her any debt, nor any duty to pay her money or money's-worth. She does not allege that she had any cause for divorce, nor any claim against him for alimony at the time this conveyance was made, nor since, nor now. She does not allege that she ever brought proceedings for divorce or alimony against her husband in which she attached this property; nor that she was hindered or prevented by this conveyance from so doing, nor that she ever attempted or intended to attach this property; the only allegation is that she threatened to bring such a cross-bill and make such attachment. For aught that appears in the complaint she had no cause for divorce, and no shadow of right to alimony at the time of this conveyance, and has none now. If she had in fact no kind of pecuniary right or claim against her husband, and never had, then he was under no duty to

retain his property to await her attachment; but the complaint does not show that she had any such right or claim, and that, for the purposes of this case, is the same as if she had none. If this be so, then the husband had a perfect right to make the conveyance in question, and it was not a fraudulent conveyance as to the plaintiff, no matter with what intent or purpose, on the part of husband and brother, it was made. *Patten* v. *Smith*, 4 Conn. 450, 455; *Ketchum* v. *Allen*, 46 id. 414.

The plaintiff likens her case to such cases as *Livermore* v. *Boutelle*, 11 Gray, 217; *Chase* v. *Chase*, 105 Mass. 385, and others of a similar character; but her case, as she alleges it, differs widely from the two cases above cited, and so far as we have observed, from all the cases cited on the plaintiff's brief. In *Livermore* v. *Boutelle*, the wife having obtained a divorce *a vinculo* and a decree for alimony, took out execution for the alimony, and levied the execution upon land which her husband had conveyed to prevent her from collecting alimony; and in an action to recover possession of the land levied upon, it was held that she became a creditor— a subsequent creditor—when she obtained her decree for alimony, and that "a conveyance, fraudulent under St. 13 Eliz. c. 5, is void and of no effect against subsequent as well as against existing creditors." In *Chase* v. *Chase* the plaintiff had obtained a divorce *a mensâ et thoro* and a decree for alimony; she had the execution for the alimony levied upon land which her husband had conveyed to defeat her recovery of alimony; and in the action to recover possession of the land levied upon, it was held that she became a creditor of her husband when she obtained her decree for alimony, although the divorce was not *a vinculo*.

We know of no case where the facts were at all like those alleged here, in which it was held that the wife was within the protection of the statute, or the rules of common law, against fraudulent conveyances. Besides, it should be noted that the plaintiff is not here seeking to appropriate the property in any manner in satisfaction of any claim of hers against her husband; and as a creditor merely, not seeking

to appropriate, in a lawful way, that property to the payment of her debt, she had no right to the injunction. *Owen* v. *Dixon*, 17 Conn. 492, 498; *Birdsey* v. *City Fire Ins. Co.*, 26 id. 165, 171.

Under the allegations of this complaint, then, the conveyance in question was good as against the plaintiff; and as between the parties themselves, it "stands on the same ground as if a full and adequate consideration had been paid." *Chapin* v. *Pease*, 10 Conn. 69, 73; *Owen* v. *Dixon*, *supra*; *Ybarra* v. *Lorenzana*, 53 Cal. 197, 199. This being so, the defendant has the right to obtain possession of the property thus conveyed to him, by any lawful means, irrespective of his motives for so doing, and without regard to the plaintiff.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.