THOMAS HARRIS vs. EMMA E. SPENCER.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The finding by the trial court that the transfer of certain shares of
stock was an absolute gift by the owner to the donee, that it was
perfected by a change of possession and was free from fraud, ille-
gality and undue influence, is conclusive against the plaintiff, the
administrator of the donor, who sought to set aside the gift upon
the ground of undue influence and fraud.

The statutory share which a surviving husband or wife who were mar-
ried since April 20th, 1877, takes in property of the decedent (Gen-
eral Statutes, § 623), is confined to such property as the decedent
owned at his or her death. During her lifetime the wife has full
power to dispose of or incumber her property in any lawful way
she pleases (§ 2796), and therefore a surviving husband sustains no
legal grievance merely because his wife, during her lifetime, saw
fit to give away a large part or all of her property.

Argued October 26th—decided November 29th, 1898.

SUIT to set aside a transfer of stock made by way of gift,
for an injunction and other equitable relief, brought to the
Superior Court in New Haven County and tried to the court,
*Prentice, J.;* facts found and judgment rendered for the de-
fendant, and appeal by the plaintiff for alleged errors in the
rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*V. Munger*, for the appellant (plaintiff).

Where a person stands in a relation of special confidence
towards another, and has with him some transaction from
which he derives benefit, such transaction will not be sus-
tained in a court of equity, unless it was fair in itself and its
nature and effect fully understood. *Nichols* v. *McCarthy*, 53
Conn. 299. Tested by this rule the transfer in question must
be set aside. Bisp. Eq. § 233; 2 Pom. Eq. 479; 1 Sto. Eq.
§§ 308, 309; *Hunter* v. *Atkins*, 3 M. & K. 113; Thornton on
Gifts, §§ 455, 456. The transfer was void for the reason that
it was intended to deprive the plaintiff of his share or inter-

est in such estate as Mrs. Harris might leave. It is important to notice carefully the exact situation of the parties at this time. She did not part with any of her property so long as there was a possible chance of life, but the moment that chance disappeared, then she decided to make the transfer. This, then, was a *donatio causa mortis*, made with the distinct purpose of vesting the title in the defendant and depriving the plaintiff of his statutory rights. In form, it was a gift; in effect it was a will. It was made to evade the statute, to set at defiance its provisions. The transfer cannot be sustained as a gift. The law will not permit a gift under such circumstances. *Weber* v. *Rothchild*, 15 Or. 305; Wait on Fr. Conv. (3d ed.) § 314; *Chandler* v. *Hollingsworth*, 3 Del. Ch. 99; *Thayer* v. *Thayer*, 14 Vt. 107; *Davis* v. *Davis*, 5 Mo. 183; *Stone* v. *Stone*, 18 id. 389; *Littleton* v. *Littleton*, 1 Dev. & B. 333; *Baker* v *Jordan*, 73 N. Car. 145; *Duncan's Appeal*, 43 Pa. St. 67; *Walker* v. *Walker*, 66 N. H. 310. The precise question before the court was decided in the case of *Baker* v. *Smith*, 66 N. H. 422. See also *Nichols* v. *Nichols*, 61 Vt. 427; *Brown* v. *Bronson*, 35 Mich. 415. The doctrine of *Stewart* v. *Stewart*, 5 Conn. 317, is not applicable here, and it is questionable whether that case is now law in this State.

*Edwin B. Gager* and *George C. Bryant*, for the appellee (defendant).

The finding shows every mark of a good gift *inter vivos*, to wit: a deliberate intention, delivery and transfer intending to and actually vesting title, and acceptance by the donee. *Camp's Appeal*, 36 Conn. 92; Thornton on Gifts, § 3. The moving cause of her making the gift at the time she did was her impending death. *Gilligan* v. *Lord*, 51 Conn. 562; *Henschel* v. *Maurer*, 69 Wis. 576. The fact of the marriage of the donor did not deprive her of the legal capacity to make the gift. Gen. Stat. § 2796; *Spitz's Appeal*, 56 Conn. 186; *Butler* v. *Buckingham*, 5 Day, 501; *Imlay* v. *Huntington*, 20 Conn. 173; *Leavitt* v. *Beirne*, 21 id. 8; *Comstock's Appeal*, 55 id. 222. Of the right of the wife in the husband's estate, it is said in *Crofut* v. *Layton*, 68 Conn. 100: "The statute

gives the wife a share of the property owned by the husband at his decease; it does not prevent him during his life from disposing of his property, or encumbering it by lawful agreement." *Ullrich* v. *Ullrich,* 68 Conn. 586; *Phelps* v. *Phelps,* 143 N. Y. 197; *Butler* v. *Butler,* 21 Kan. 521; *Stewart* v. *Stewart,* 5 Conn. 321; *Lines* v. *Lines,* 142 Pa. St. 149; *Holmes* v. *Holmes,* 3 Paige, 363; *Cameron* v. *Cameron,* 10 Smed. & M. (Miss.) 394. There are under the common law and under statutes differing from ours, cases which hold that a wife has some interest in the property of her husband prior to his death; but these cases all depend upon some peculiar view of dower rights, or upon the idea of community property, or upon a statutory system which involves a different property status between the parties from that which exists under our law of 1877. It is sufficient as to all of these cases, to say that they generally recognize the absolute right of the husband to dispose of personalty. Hardly a single reason of appeal is pertinent to the allegations in the complaint. All the issues raised by the pleadings have been squarely determined against the plaintiff.

ANDREWS, C. J. The plaintiff set forth in the complaint that his intestate, who was his wife, in her lifetime owned eighty shares of a certain stock worth $2,000; that shortly before her death she transferred said shares, by a transfer apparently absolute, to the defendant; that his said wife " did not make said transfer of her own free choice and will, but in consequence of the unlawful and fraudulent and deceitful acts and inducements exercised upon and towards her by the said defendant." This transfer was made on the 2d day of August, 1897. Mrs. Harris died on the 28th day of September next following. In his prayer for relief " the plaintiff claims by way of equitable relief that said transfer of stock so obtained by the defendant from the said Cora Harris may be set aside and declared null and void, and that title thereto may be vested in the plaintiff as administrator on the estate of the said Cora Harris."

The plaintiff as the administrator of Cora Harris, takes the

title to, and is entitled to have the possession of, all the personal property of which she was the owner at the time of her death. If Cora Harris was on the day of her death the owner of the said shares of stock, then the plaintiff is entitled to have this prayer for relief granted, otherwise not. The question may be stated in this way: Did Mrs. Harris on the last day of her life have such a right to these shares of stock that she might have maintained a suit therefor against the present defendant? Stated in this way the answer comes from the finding. The trial court has found that the transfer of the said shares was an absolute gift by Mrs. Harris to the defendant, perfected by the change of possession; and that it was without fraud, illegality, or undue influence. This finding is decisive. Mrs. Harris could not, at any time in her life after making that gift, have maintained a suit therefor against the defendant. It is clear that as administrator the plaintiff shows no ground for a decree in his favor. As respects him, a title by gift in the defendant is not distinguishable from a title by purchase for a valuable consideration. *Camp's Appeal*, 36 Conn. 88, 92. See also *Gilligan v. Lord*, 51 id. 562.

This case has been argued here—it seems to have been tried in the court below—as though the plaintiff was seeking to recover, not as administrator, but in his own right as husband. The plaintiff and his wife were married on the 3d day of March, 1897. The claim of the plaintiff in this behalf is that, as by the statute, General Statutes, § 623, he would be entitled to an interest in the property which his wife might leave at her death, she could not, by a voluntary gift of all her property in her lifetime, deprive him of that interest. This claim cannot be sustained. These shares of stock belonged to Mrs. Harris at the time of her marriage to this plaintiff. Another part of the same statute—now § 2796—provides that as to all property held by a woman at the time of her marriage, " she shall have power to make contracts with third persons, and to convey to them her real and personal estate, as if unmarried." If being an unmarried woman Mrs. Harris had power to make the gift which she made to the defendant, so that it would have been a valid and binding one, being a married

---

woman her power to make the gift is no less; the gift is equally valid and binding on her and her estate. The language of the statute gives her such power. *Comstock's Appeal*, 55 Conn. 214; *Spitz's Appeal*, 56 id. 184. The fact that the plaintiff and his wife were married since 1877, and that outliving his wife he would be entitled to a portion of her estate under the statute of that year, is clearly immaterial. That statute gives to a surviving husband a share of the property owned by his wife at her decease; it does not prevent the wife during her life from disposing of her property in any lawful way that she pleases, or incumbering it by any lawful agreement. *Crofut v. Layton*, 68 Conn. 91, 100. Since the statute of 1877 a married woman has at law, over all her property during her life, the same power that she had prior to that statute, in equity, over her sole and separate estate,—complete dominion. *Imlay v. Huntington*, 20 Conn. *146, *175, citing *Jacques v. Methodist Church*, 17 John. Rep. 548; 2 Story's Equity, § 1390. Mrs. Harris owed no debt or duty to the plaintiff in respect to these shares of stock, and she might do with them whatsoever was her pleasure. *Ullrich v. Ullrich*, 68 Conn. 580.

There is no error.

In this opinion the other judges concurred.