[S. F. No. 1496.   Department Two.—February 20, 1901.]

## MARTHA J. TUERS, Appellant, v. WILLIAM G. TUERS et al., Respondents.

ACTION FOR DIVORCE AND ALIMONY—WIFE NOT A CREDITOR PRIOR TO DECREE.—A wife, at the time of the commencement of an action for divorce and permanent alimony, is not in strictness a creditor of the husband until she obtains her decree for divorce and alimony.

ID.—RIGHT OF DIVORCED WIFE TO ASSAIL HUSBAND'S TRANSFER.—The divorced wife cannot assail a transfer made by the husband after suit commenced and prior to her decree for divorce and alimony, merely on the ground that it was void as to creditors; but under section 3439 of the Civil Code she may avoid a transfer so made if it is alleged and proved to have been made with intent to delay and defraud her of her just demands and property rights in the divorce action; but, in order to recover, she must prove the material averments of her pleading.

ID.—TRANSFER BY HUSBAND IN GOOD FAITH.—Where it appears in proof and is found by the court that the husband, after the commencement of the action for divorce, and prior to the decree, made a transfer of real estate to his daughter in good faith, in consideration of her agreement to support him for life, and without knowledge at the time of the transfer that the action for divorce had been commenced or was contemplated, the divorced wife cannot avoid such transfer.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. C. Black, for Appellant.

The husband was a debtor of the wife within section 3429 of the Civil Code, and she was his creditor within section 3430 of that code, and she has the right to avoid a transfer made with the design to defeat her right to maintenance, under section 3439 of the Civil Code. (*Murray v. Murray,* 115 Cal. 272,[1] and cases cited; *Lord v. Hough,* 43 Cal. 585; *Bailey v. Bailey,* 61 Me. 361; *Greer v. Wright,* 6 Gratt. 154.[2])

[1] 56 Am. St. Rep. 97.

[2] 52 Am. Dec. 111, and cases cited in note 113-18.

Charles H. Hogg, for Respondents.

The question of intent to defeat the rights of creditors or other persons out of their just demands is one of fact, and the plaintiff is concluded by the findings of fact, supported by the evidence. (*Harris v. Burns*, 50 Cal. 140; *Hussey v. Castle*, 41 Cal. 239; *McFadden v. Mitchell*, 54 Cal. 628; *Bull v. Bray*, 89 Cal. 286; *Windhaus v. Bootz*, 92 Cal. 623; *Emmons v. Barton*, 109 Cal. 671.) The wife was not a creditor prior to obtaining her decree. (*Livermore v. Boutelle*, 11 Gray, 217[3]; *Chase v. Chase*, 105 Mass. 385; *Burrows v. Purple*, 107 Mass. 428; *Morrison v. Morrison*, 49 N. H. 69; *Tyler v. Tyler*, 126 Ill. 536[4]; *Ullrich v. Ullrich*, 68 Conn. 580; *Ex parte Perkins*, 18 Cal. 64; *Lyon v. Lyon*, 21 Conn. 185.)

HENSHAW, J.—This action was brought by Martha J. Tuers, divorced wife of William J. Tuers, against William G. Tuers, Grace Patterson, his daughter, and her husband, to obtain a judgment declaring null and void a deed and transfer of his property made by defendant William G. Tuers to his daughter. The consideration for the transfer was love and affection, "and that the said Grace Patterson shall afford and give to me a home in her house for the term of my natural life." Before the execution of this instrument Martha Tuers had commenced her action for divorce against her husband on the ground of extreme cruelty. She obtained a decree awarding her a divorce with permanent alimony and counsel fees. In the present complaint she charges that the transfer was made by her husband after the commencement of the divorce proceedings, and was made and received with the common intent upon the part of the grantor and grantee to hinder, delay, and defraud her of her property rights in the divorce action, and that by reason of the transfer and of the additional fact that William G. Tuers has no other property, she is in fact hindered, delayed, and defrauded in the collection of her alimony and counsel fees. The court found that at the time of the deed and transfer neither William G. Tuers nor Grace Patterson had any knowledge or information that Martha J. Tuers had begun or contemplated beginning an action for divorce, alimony,

---

[3] 71 Am. Dec. 708.            [4] 9 Am. St. Rep. 642.

and counsel fees against the defendant; and that the transfer was made and received in good faith, and for a valuable consideration, and without the intent upon the part of either party thereto to hinder or delay or defraud the plaintiff or any creditor, or any other person, out of any property right or rights whatsoever.

Martha Tuers at the time of the commencement of her action for divorce against defendant was not in strictness a creditor. (*Murray v. Murray*, 115 Cal. 266.[5]) She became such creditor at the time of obtaining her judgment. (*Livermore v. Boutelle*, 11 Gray, 211[6]; *Chase v. Chase*, 105 Mass. 385; *Burrows v. Purple*, 107 Mass. 428; *Morrison v. Morrison*, 49 N. H. 69; *Tyler v. Tyler*, 126 Ill. 536[7]; *Ullrich v. Ullrich*, 68 Conn. 580.) Plaintiff, therefore, cannot bring her case within the provisions of subdivision 4 of section 3457 of the Civil Code, which declares that an assignment for the benefit of creditors is void as to such creditors, if the assignor reserves any interest in the assigned property before all his existing debts are paid. The transfer here was not an assignment for the benefit of creditors, nor, as has been said, was plaintiff a creditor at the time it was made.

But, upon the other hand, plaintiff had a right of action founded upon section 3439 of the Civil Code, declaring every transfer of property made with intent to delay or defraud any creditor or other person of his just demands to be void. It was upon this section of the code that the action was based, but before recovery may be had plaintiff must establish the material averments of her pleading, and this under the findings of the court she has utterly failed to do.

The judgment and order appealed from must, therefore, be affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.

---

[5] 56 Am. St. Rep. 97.          [7] 9 Am. St. Rep. 642.
[6] 71 Am. Dec. 708.