THE TOWN OF WINCHESTER *vs.* THOMAS MORIARTY
ET AL.

First Judicial District, Hartford, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Through the appointment of an overseer by its selectmen (General
Statutes, § 1833), a town may prevent an improvident or spend-
thrift inhabitant from wasting his property and thus becoming a
public charge; but the probability that one who has given away
substantially all he owns, will become a public burden, does not
give the town a lien upon the property so conveyed nor any interest
therein which will enable it to maintain a suit for a reconveyance
of the property to the grantor. If, however, the town is a creditor
of the grantor and the conveyance is fraudulent, the property is
open to attachment by the town to secure its claim, as well after as
before the fraudulent alienation. So, too, the town, although not
a creditor, may attach the property in proceedings instituted un-
der General Statutes, § 2499, to compel the husband to contribute
to his wife's support, and thus relieve the town in whole or in part
of that burden. Accordingly, the town has no occasion to seek a
reconveyance of the property at the hands of a court of equity, since
it has adequate remedy at law if the conveyance is fraudulent.

The fact that after the conveyance in question the grantor's wife be-
came a charge upon the plaintiff town, does not necessarily prove
that the purpose and intent in making the conveyance was to throw
her upon the town as a pauper. If such was the purpose and intent
of the conveyance, the complaint should have so alleged it.

The question whether a husband's obligation to support his wife is a
"debt or duty" within the protection of the statute (§ 1091), or
the rules of common law, against fraudulent conveyances, *quære*.

Argued October 3d—decided December 19th, 1911.

ACTION to compel one of the defendants to reconvey
to the other certain real estate which the former had
received of the latter without consideration, and which
constituted the sole means of support of the grantor and
his wife, who were aged and infirm and likely to become
paupers and a financial burden upon the plaintiff town,
and for other relief, brought to the Court of Common

Pleas in Litchfield County where a demurrer to the complaint was sustained (*Welch, J.*) and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*Richard T. Higgins* and *Wilbur G. Manchester,* for the appellant (plaintiff).

*Samuel A. Herman,* for the appellees (defendants).

THAYER, J. The case of the plaintiff, as set forth in the complaint, is this: On December 30th, 1908, and again on February 9th, 1909, Thomas Moriarty, by reason of mental weakness, conveyed to Daniel J. Moriarty, without receiving any consideration whatsoever therefor, a lot of land with a dwelling-house and other buildings thereon, of the value of about $500. This land, together with their clothing and a few household goods, constituted all the property of said Thomas and his wife, Joanna Moriarty. At the time of the conveyances Thomas and his wife were settled inhabitants of the plaintiff town, were each then about seventy-eight years of age, and were both infirm, feeble and incapable of earning their support without the aid of the real estate so conveyed. The grantee, Daniel J. Moriarty, since the conveyance has threatened to sell and is seeking to sell the real estate in question, and intends to convert the proceeds to his own use. He has closed the dwelling-house, barred all means of access thereto, and has excluded the wife, Joanna Moriarty, from the occupancy thereof, and from access to her clothing and household goods contained therein. By reason of the premises, said Thomas Moriarty and Joanna Moriarty are left without any home and means of support, and without property upon which money can be raised for their support, and Joanna has become

a charge upon the plaintiff as a pauper, and Thomas is likely to become so. The plaintiff is already under the necessity of furnishing Joanna support as a pauper. The defendant Daniel J. Moriarty has no property other than this real estate, and if he disposes of this, and the avails of it, the injury to the plaintiff will be irreparable. The relief asked is a temporary injunction to prevent the threatened sale of the real estate by Daniel, a judgment for a reconveyance by him to Thomas, and such other relief as doth to equity appertain.

A demurrer to the complaint was sustained. It questions the sufficiency of the complaint upon numerous grounds, some of them being that it does not appear that the conveyance from Thomas to Daniel was made to defraud creditors, or the plaintiff, or to avoid the duty of Thomas to support his wife, or any debt or duty owed by him to the plaintiff, or that the plaintiff was a creditor of his; that the fact that Thomas is liable to become a charge, and that Joanna has become a charge, upon the plaintiff, does not clothe it with authority to institute this action, and that it has adequate remedy at law. The substance of all the twenty-eight grounds of demurrer are embodied in these, which sufficiently present the questions which have been argued before us.

It is the plaintiff's duty by statute to support its paupers; and where a town has provided support for one of its inhabitants as a pauper, it may recover the amount so provided if the person so supported is found to have property. General Statutes, § 2480. The selectmen of a town may prevent an improvident and spendthrift inhabitant from becoming a charge upon the town, by appointing some person to be his overseer to advise and order him in the management of his estate. General Statutes, § 1833. It may also avoid becoming chargeable for the support of those persons

who are in fact needy, but who have relatives within certain degrees of kinship able to support them, by complaint to the Superior Court under § 2499 of the General Statutes. In a similar way, under § 2500 of the General Statutes, it may avoid the support of a needy widow, the heirs of whose husband have estate inherited from him sufficient to furnish such support. The last two of these sections place upon relatives and heirs the obligation to support the poor therein mentioned, and give towns the power to enforce the obligation and thus, themselves, escape the duty of supporting those persons; the first provides for a recovery for support furnished where a town has been imposed upon; and the second provides a means for preventing an improvident person from becoming a charge upon the town. There is no statute giving a town a lien upon the property of its inhabitants who are liable to become paupers, or any authority to prevent conveyances of their property by such persons other than that above mentioned, and none to compel a reconveyance after a conveyance has been made. The plaintiff, therefore, stands like any other party seeking to set aside a conveyance.

It is not claimed that at the time the conveyances were made Thomas was mentally incapable of fully understanding the nature of his acts, or that any undue influence was exercised over him to secure the conveyances. The plaintiff, in the brief which has been filed in its behalf, says: "While it is alleged that he made the conveyances in question by reason of mental weakness, it may have been a weakness that manifested itself not in a general incapacity but in a purpose to wound the feelings of his wife by subjecting her to the humiliation of becoming a town pauper,—a weakness manifesting itself chiefly in a spiteful, revengeful disposition," and that "it is exceedingly doubtful" if a proceeding

to put him under a conservator would have been successful. The claim is that the conveyances are, as to the plaintiff, fraudulent and void. The conveyances were voluntary, but it does not appear that at the time they were made Thomas was indebted to the plaintiff or any one else. There is no presumption that a voluntary conveyance made by a person who owes no one anything is made with the intent to defraud subsequent creditors, or to avoid any debt or duty which the maker may thereafter owe to them. The complaint contains no direct allegation that there was fraud in the transaction. It is claimed that fraud is sufficiently alleged because, upon the facts stated in the complaint, Thomas must be presumed to have intended the natural consequences which would result from the conveyances, and that one of them was to impose upon the town the burden of supporting him and his wife as paupers. Assuming, without deciding, this to be so, we think that the plaintiff is not entitled to pursue this action. It does not clearly appear that at the time the action was commenced the town had actually paid anything toward the support of Joanna, the wife. Assuming that it had, and also that this fact made it a creditor of Thomas, there was no occasion for prosecuting this suit. If the conveyances were fraudulent as to the town, it could attach the property the same as it could had the conveyances not been made, and thus secure its debt. This would be its proper procedure. *Owen* v. *Dixon*, 17 Conn. 492, 498; *Birdsey* v. *City Fire Ins. Co.*, 26 id. 165, 171; *Easterly v. Keney*, 36 id. 18, 23; *Ullrich* v. *Ullrich*, 68 id. 580, 587, 37 Atl. 393.

But if the plaintiff is not a creditor of Thomas it can proceed under the statute to which reference has been made. Under § 2499 of the General Statutes, when any person having a husband, father or mother,

grandfather or grandmother, children or grandchildren, who are able to support her, becomes poor and unable to support herself, if her husband or other relative neglects to support her, the selectmen of the town, or such wife, may bring a complaint against such husband or relative and obtain an order that he contribute to her support from the time the complaint is brought. In an action by a wife against her husband upon this statute, it was held that she was authorized to attach his property to secure the payments which he should be ordered to contribute. *Cunningham* v. *Cunningham*, 72 Conn. 157, 159, 44 Atl. 41. The town, proceeding under the same statute, would have the same authority. The plaintiff, therefore, in either case, had adequate remedy at law, if the conveyance was fraudulent.

But upon the facts stated in the complaint it does not appear that it was fraudulent. The grantor, so far as appears, was not then indebted to any one, and had some property (the furniture) remaining after the conveyance. He had not become a charge upon the town at the time this action was brought. It is said that because the wife has become a charge upon the town it was the intention and purpose in making the conveyance to throw her upon the town as a pauper. This does not follow. The purpose may have been to throw her upon her own blood relatives for support. The fact that there was a voluntary conveyance followed by the wife's becoming a charge upon the town is not equivalent to an allegation that the conveyance was made with the fraudulent intent that she should become such charge. Such an allegation was necessary.

In *Ullrich* v. *Ullrich*, 68 Conn. 580, 37 Atl. 393, where the question was raised, we left it undecided whether a husband's duty to support his wife is a debt or duty within the protection of our statute, or our rules of common law, against fraudulent conveyances. It is

unnecessary to consider that question here, as we are satisfied, for the reasons above given, that the case was correctly decided below.

There is no error.

In this opinion the other judges concurred.