ROSE CHERNIACK *v*. THE HOME NATIONAL BANK AND TRUST COMPANY OF MERIDEN, EXECUTOR (ESTATE OF ABRAHAM CHERNIACK), ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 8—decided February 5, 1964

*Lewis J. Somers,* for the plaintiff.

*William P. Simon,* with whom was *Charles A. Watrous,* for the defendants.

KING, C. J.   The plaintiff is the widow of the defendant's testator, whom she married in 1943 and with whom she lived until his death in 1961.   There were no children of the marriage.   Before and during the marriage the decedent had, through a corporation, conducted a retail clothing business in Meriden with his brothers.

On August 8, 1957, the decedent executed a trust indenture with the defendant bank as trustee. The decedent turned over to the trustee, as the trust corpus, nearly $200,000 worth of assets, which represented the bulk of his property.   The trust indenture, which was subject to amendment or revocation at any time by the decedent, provided for the payment to him of the net income during his lifetime, and further provided that upon his death the income should be paid to such of his brothers as were then alive, and upon the death of the survivor of them, the corpus should be distributed in equal shares to the children of his brothers, per stirpes.   Certain

detailed provisions of the trust indenture, and of an amendment thereto executed December 8, 1960, are not material to our decision and need not be mentioned. The amendment did, however, provide that if the settlor became incapable of managing his own affairs, the trustee should be empowered to expend so much of the principal, in addition to the net income, as in its sole discretion it should find necessary or advisable for the support of the settlor "and to discharge . . . any legal obligations [of the settlor] to support . . . [his] wife, Rose Cherniack, during the lifetime of the . . . [settlor]".

On August 14, 1957, the decedent executed a will, of which the defendant bank was the executor, in which he gave his wife (1) the use for life of their home in Meriden, with remainder to two of his brothers or the survivor of them and (2) one-third of the residue of his estate, outright and absolutely. The balance of the residue was left to the two brothers or the survivor of them.

The wife knew nothing of the trust indenture until shortly after December 18, 1960, when her husband had a stroke, or of the will until after his death. The will was duly admitted to probate on June 2, 1961.

Thereafter, the plaintiff instituted this action, claiming that the trust agreement was invalid and void on two basic grounds. The first ground was that the trust was invalid as an attempted testamentary disposition; and the second ground was that it was in fraud of his wife's rights in and to his estate.

Where, as here, an interest is created during the settlor's lifetime in beneficiaries of the trust other than the settlor himself, a trust is not invalid, as an attempted testamentary disposition, merely because,

under its terms, the settlor is to receive the net income of the trust corpus for and during his life and also retains the power of modification and termination. *Cramer* v. *Hartford-Connecticut Trust Co.,* 110 Conn. 22, 28, 147 A. 139; *Fasano* v. *Meliso,* 146 Conn. 496, 500, 152 A.2d 512; *Dennen* v. *Searle,* 149 Conn. 126, 138, 176 A.2d 561. This rule appears to be consistent with the present rule as given in the Restatement (Second), 1 Trusts §§ 56 and 57. It also appears to be the prevailing rule elsewhere. Note, 32 A.L.R.2d 1270, 1272 § 2, supplementing 73 A.L.R. 209; note, 164 A.L.R. 881; 1 Scott, Trusts (2d Ed.) §§ 56, 56.1, 56.5, 57, 57.1, 57.2. We conclude that under Connecticut law the trust is not invalid as an attempted testamentary disposition.[1]

There remains the question whether the trust can be set aside as a transfer in fraud of the wife. It is important to bear in mind in this connection that under Connecticut statute law neither husband nor wife acquires, by virtue of the marriage, any interest in the real or personal property of the other during that other's lifetime. General Statutes § 46-9. In other words either spouse may, in his lifetime, without the consent or knowledge of the other, make a valid gift, or otherwise dispose of his property, to a third party.[2] See cases such as *Harris* v. *Spencer,* 71 Conn. 233, 236, 41 A. 773; *Crofut* v.

---

[1] It perhaps should be pointed out that the settlor did not have such power of control over the use and management of the trust corpus as to affect the validity of the trust. See *Cramer* v. *Hartford-Connecticut Trust Co.,* supra, 27, 32; compare § 57(2) of the 1935 edition of Restatement, 1 Trusts, with comment b of § 57 in Restatement (Second), 1 Trusts; see also 1 Scott, Trusts (2d Ed.) § 57.2.

[2] Of course, we are not here concerned with any debtor-creditor relationship between the plaintiff and the decedent, since there was none. See *Hall* v. *Hall,* 91 Conn. 514, 518, 100 A. 441; *Harris* v. *Spencer,* 71 Conn. 233, 236, 41 A. 773; *Ullrich* v. *Ullrich,* 68 Conn. 580, 585, 37 A. 393; note, 49 A.L.R.2d 521, 556 § 10.

*Layton,* 68 Conn. 91, 100, 35 A. 783; *Stewart* v. *Stewart,* 5 Conn. 317, 321. It is true that under § 46-12 a surviving spouse is given a stated interest in all of the "property, real and personal, legally or equitably owned by the other at the time of his or her death." But this provision gives no interest in the property of the other before death. Since the plaintiff had no right or interest in the property of the decedent during his lifetime, a valid trust agreement could not be fraudulent as to her. One cannot be defrauded of that to which he has no right. *Hall* v. *Hall,* 91 Conn. 514, 518, 100 A. 441; *Stewart* v. *Stewart,* supra. Our decisions are contrary to the rationale of cases such as *Newman* v. *Dore,* 275 N.Y. 371, 377, 380, 9 N.E.2d 966.

A letter written by the decedent to his attorney on June 17, 1960, after the will and trust had been executed, but before the amendment to the trust indenture, stated in effect that the decedent wished the bulk of his property to belong to his brothers and their children and that this wish accounted for his establishment of the trust and for the terms of his will. It is clear that this letter was tantamount to the expression of a desire to reduce the value of his estate in which the plaintiff would, upon his death, acquire a statutory interest. But since, as previously pointed out, she had no interest, statutory or otherwise, in the decedent's property during his lifetime, no effective disposition of it, even though made with intent to reduce the value of her interest in his estate after his death, could be fraudulent as to her or vulnerable to attack by her. This also seems to be the general rule elsewhere, especially in states like Connecticut, where neither spouse acquires, by marriage, any interest in the property of the other during that other's lifetime.

See note, 49 A.L.R.2d 521, 528 § 3, 544 § 6, 602 § 16; Restatement (Second), 1 Trusts § 57, comment c; 1 Scott, op. cit. § 57.5.

The questions reserved are: "1. Is the trust indenture fraudulent and void as to the plaintiff's wife? 2. Should the trust indenture be cancelled?" To both questions in the reservation we answer, "No."

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.