STATE OF CONNECTICUT *v.* NELSON L. MILLETT
(4136)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released August 12, 1986

*Edward J. Gallagher,* with whom, on the brief, was *Stephen C. Gallagher,* for the appellant (defendant).

*Kevin J. Gumpper,* special assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, after a jury trial, on three counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). He claims that the trial court erred (1) in denying his motion to suppress certain evidence seized as a result of a warrantless arrest which he claims was made without probable cause, and (2) in denying his motion to supress certain eyewitness identification testimony.[1] We find no error.

The defendant's conviction stemmed from his participation with another man in the robbery of three persons in a market in Danbury at approximately 6 p.m. on February 17, 1984. His initial warrantless arrest, however, which took place at approximately 9 p.m. on

---

[1] At oral argument in this court, the defendant abandoned his claim that his arrest was illegal because it was made beyond the officer's jurisdiction.

the same evening, was for stealing a car which had been reported stolen earlier that day. While he was in custody following his arrest, he was searched and certain evidence was seized from him which linked him to the robberies in the market. Also, his photograph was taken and was used in identifying him as one of the robbers at the market.

The defendant's first claim is that his initial warrantless arrest for stealing a car was without probable cause and that, therefore, all the evidence seized from him and flowing from that arrest, including the use of his photograph, should have been suppressed. We have fully reviewed his arguments on appeal, the state's response, and the transcript of the hearing on the motion to suppress. We are persuaded that the police officer had reasonable and articulable suspicion to make an investigatory stop of the defendant. See *State* v. *Aversa,* 197 Conn. 685, 690, 501 A.2d 370 (1985). We are also persuaded that the results of that stop, the patdown which followed, and the defendant's evasive and false replies to the officer's questions ripened the officer's suspicion into probable cause. See *State* v. *Martin,* 2 Conn. App. 605, 612B–13, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985). When the officer handcuffed the defendant and placed him in the back seat of the patrol car for transport to the police department, which the state concedes was an arrest; *State* v. *Magnotti,* 198 Conn. 209, 212–13, 502 A.2d 404 (1985); probable cause existed to believe that he was involved in the theft of the car. Thus, this claim of the defendant fails.

The defendant's remaining claim challenges the identification procedures used by the police, and the results of out-of-court and in-court identifications of the defendant made by various witnesses. It is somewhat difficult to glean from his brief the particular basis

which he claims as error as to each particular identification. We have examined the transcript of the identification testimony of the witnesses and the photographic arrays in question. Suffice it to say that the in-court identifications by some of the witnesses were not preceded by out-of-court identifications, and that, as to other witnesses, the out-of-court identification procedures employed by the police were not impermissibly suggestive. Suffice it to say also that, as to the one witness who was subjected to a concededly impermissibly suggestive out-of-court identification procedure, there was nonetheless ample indicia of reliability to permit her in-court identification of the defendant to go to the jury. *State* v. *DiStefano,* 7 Conn. App. 726, 729, 510 A.2d 995 (1986). Thus, the defendant has failed to establish a basis for error on this claim.

There is no error.