[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Robin Oakes, appeals a decision of the defendant Commissioner of Motor Vehicles suspending her motor vehicle operator's license. The Commissioner acted pursuant to General Statutes § 14-227b. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the Commissioner.
A review of the record reveals the following facts. The plaintiff was arrested by Officer Apicella of the Wolcott Police Department on February 12, 1994 and charged with operating a motor vehicle while under the influence of alcohol. The arresting officer observed the plaintiff's vehicle traveling on Wolcott Road followed by a State Police officer with his cruiser's lights flashing and siren activated. The plaintiff's vehicle came to a stop in a parking lot, and Officer Apicella went to investigate and assist. The State Police officer reported that he had CT Page 3098 followed the plaintiff for a distance and seen her vehicle swerve and strike several times the snowbank on the right hand side of Wolcott Road. Suspecting that the plaintiff was driving while intoxicated, the State Policeman pursued the plaintiff. Officer Apicella noted an odor of alcoholic beverage on the plaintiff's breath, that her speech was slurred, and that she was confused as to time and place. Field sobriety tests were given to and failed by the plaintiff. The plaintiff was arrested and transported to Wolcott Police Headquarters along with her dog, which had been in her car with her. The plaintiff was in an emotional, agitated state.
At Police Headquarters the arresting officer asked the plaintiff to submit an intoximeter breath test. The plaintiff said she would, but only if her dog were brought into the interview cell area with her. When Officer Apicella said this could not be done, the plaintiff withdrew her offer of cooperation in offensive and abusive language. The plaintiff never submitted to a chemical analysis test. Officer Apicella notified the defendant that the plaintiff had refused to submit to a chemical test. The defendant suspended the plaintiff's driver's license on February 18, 1994. The plaintiff requested a rehearing, which was held March 15, 1994. By a decision dated March 15, 1994, the hearing officer found that: the plaintiff was operating her vehicle, the officer had probable cause to arrest, the plaintiff was arrested, and the plaintiff refused to submit to such test or analysis. The hearing officer suspended the plaintiff's operating privilege for six months. This appeal was timely and properly filed, and a stay of suspension was ordered.
Since the decision of the defendant suspended the plaintiff's license, the plaintiff is aggrieved within the meaning of General Statutes § 4-183.
Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, 707-708,372 A.2d 110 (1976).
"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency CT Page 3099 unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
General Statutes C.G.S. § 4-183(j). See Lieberman v. State Board of Labor Relations, 216 Conn. 253, 261-52, 579 A.2d 505
(1990).
The court must "determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. Dept. of Public Utility Control, 216 Conn. 627, 639,583 A.2d 906 (1990). The reviewing court, in its determination whether an administrative finding is supported by substantial evidence, must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness in whole or in part. Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 593, 590 A.2d 447 (1991). "`The reviewing court must take into account [that there is] contradictory evidence in the record . . . but "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ."'" Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 542,525 A.2d 940 (1987).
General Statutes § 14-227b(f) provides in relevant part: "The hearing [of the Department of Motor Vehicles] shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both . . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . .; and (4) was such person operating the motor vehicle." CT Page 3100
At issue in this appeal are two findings by the defendant. The plaintiff concedes operation and the arrest. The plaintiff contends that there was no probable cause to make the arrest, and that the officer was not entitled to conclude that the plaintiff had refused to submit to a test. Further facts appropriate to each issue will be discussed in turn.
As to the question of probable cause, the plaintiff claims that the road was wet, slick and constricted by snowbanks due to the severity of the winter and a recent storm. The plaintiff contends that her sliding and bumping off the snowbanks could have been due to the conditions of the road, and, because of this, the officer could not formulate an articulable suspicion that the plaintiff was operating her vehicle while under the influence.
"It is well established that police may momentarily detain an individual for investigative purposes if the police have a reasonable and articulable suspicion that [he has] engaged in criminal activity. . . What constitutes a reasonable and articulable suspicion depends on the totality of the circumstances . . . The test to be applied, however, is an objective one: would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?. . . In justifying the particular intrusion `the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'. . . While general investigation may be based upon suspicion and guesswork, a police officer's decision to restrain a person's liberty must be made on more than a mere hunch." (Citations omitted; internal quotation marks omitted.) State v. Aversa, 197 Conn. 685, 690-691,501 A.2d 370 (1985).
The facts of this case show that the plaintiff was followed by a State Police officer, who observed her vehicle swerve across the road and bounce several times off a snowbank. This clearly provided reasonable grounds, despite the road conditions, to make an investigatory stop. Officer Apicella's investigation, based to this point on observing the State Police pursuit of the plaintiff, was also reasonable. Once that stop was made, the odor of alcohol about the CT Page 3101 plaintiff, her slurred speech, confusion as to time and place, and inability to perform field sobriety tests were more than enough to ripen the officer's suspicion into probable cause. See State v. Millett, 8 Conn. App. 467, 468, 513 A.2d 191
(1986). "In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict." State v. Cobruzzi, 151 Conn. 371, 376, 288 A.2d 439
(1971) cert. denied, 404 U.S. 1017, 92 S.Ct. 677,30 L.Ed.2d 664 (1972). The evidence as to probable cause clearly supported the defendant's finding of probable cause.
The plaintiff vigorously attacked the finding of refusal, persisting in her claim that she agreed to submit to a chemical analysis test, provided her dog were brought to her first. The plaintiff contends that refusal as contemplated by the statute requires an unconditional rejection of the request. The plaintiff's argument is unpersuasive. The evidence presented to the hearing officer established that no test was taken or attempted. At issue, is whether a conditional acceptance prevents a finding of refusal.
The implied consent statute (General Statutes § 14-227b) does not define "refuse." By regulation, the Dept. of Motor Vehicles provides that . . . "[a] person shall be deemed to nave refused to submit to a chemical analysis if he remains silent or does not otherwise communicate his assent after being requested to take a blood, breath or urine test under circumstances where a response may reasonably be expected." Regs., Conn. State Agencies § 14-227b-5. "In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." General Statutes § 1-1(a); State v. Guckian, 226 Conn. 191, 202, 627 A.2d 407 (1993).
Webster's Third New International Dictionary defines "refuse" as "to show or express a positive unwillingness to do or comply with," and "assent" as "to give or express one's concurrence, acquiescence, or compliance."
The record before the hearing officer provided evidence that the plaintiff said she would submit to the test if her dog were brought to her first. This does not constitute assent, but rather an attempt to negotiate the terms of her CT Page 3102 compliance. If the hearing officer's review was limited to this response only, the plaintiff had not expressed compliance with Officer Apicella's request, but arguably her reply did not constitute a positive unwillingness to comply. The hearing officer, however, had available the entire exchange reported by Officer Apicella, during which the plaintiff, in direct and insulting language, stated that she would not cooperate with Apicella because he would not bring her dog to her. These statements reasonably could have been construed as a positive unwillingness to comply. The defendant had substantial evidence of refusal.
On the basis of the record, therefore, the hearing officer had substantial evidence to conclude there was probable cause to arrest the plaintiff and that she refused to submit to a chemical analysis test. Accordingly, the plaintiff's appeal is dismissed.
Driscoll, Judge