WILLIAM E. ALLING *vs.* DAVID FORBES.

Third Judicial District, New Haven, January Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

Where a contract upon which the plaintiff relies for a recovery is set forth at length in the complaint, it is unnecessary to allege, or if alleged to prove, an additional " understanding or agreement " of the parties in relation to the meaning or construction of its terms, or a statement of the amount due upon such interpretation.

A party cannot complain that he was not heard in respect to certain matters upon which the court relied in rendering its judgment, where it appears that one of the facts was testified to by the party himself, and the other was drawn out in answer to his own inquiry on cross-examination.

Evidence received on rebuttal, if not objected to, is before the court for any legitimate purpose.

[Argued January 21st—decided February 23d, 1897.]

ACTION to recover the defendant's alleged share of the expense of constructing tide-gates, brought originally to a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas for New Haven County and tried to the court, *Hotchkiss, J. ;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*Talcott H. Russell,* for the appellant (defendant).

*Charles K. Bush,* for the appellee (plaintiff).

FENN, J. The complaint contains the common counts, with a bill of particulars and three special counts. The bill of particulars is for the defendant's "proportional part of the agreed cost of erection of tide-gates on Beach Street, West Haven, in accordance with the terms of an agreement, a copy of which marked Exhibit A. is hereto annexed, $44.19." Exhibit A. is as follows: "We, the undersigned owners of salt meadows situated in West Haven, known as the Curtis Meadows, do jointly and severally agree to pay our proportional part of a sum of two hundred and fifty dollars. Said sum to be used for the erection of good and suitable tide-gates, to be placed at the bridge at Beach Street, in said West Haven." This was signed by thirteen persons, including the defendant.

The special counts allege, in substance, the signing of the above agreement, made part thereof by reference; its delivery to the plaintiff, his acceptance, and that he erected and placed good and suitable tide-gates in accordance with its terms. They also contained the following averments: " 6. It was understood and agreed by the defendant at the time when he signed said agreement, that the proportional part of the sum of $250 therein mentioned, to be paid by each of the subcribers to said agreement, was such proportional part of said sum as the quantity of salt meadow owned by each of said subscribers bore to the whole quantity of salt meadow owned by all of said subscribers. 7. The defendant's proportional part of the sum of $250, based upon the understanding and agreement aforesaid, amounts to the sum of $44.19, and is due from the defendant to the plaintiff." Several defenses, denials, special matters and counterclaims, were interposed, but they present no questions calling for present consideration.

Upon the trial the defendant testified that he had refused to pay because the work was "no good;" that he was ready to pay if the work was good. The court found it good.

The plaintiff, upon said trial, introduced one William C. Russell, a signer of Exhibit A., who presented it to the defendant for his signature, and, in connection with the proffer

of said agréement, offered the testimony of said witness as to the conversation between him and the defendant at the time the defendant signed the agreement, that the proportion which each subscriber should pay would be according to the quantity of the land which such subscriber owned which would be protected by the gates. Counsel for the defendant objected to said testimony, and claimed that the contract showed what the proportional part was; that the paper was signed by thirteen parties, and that the paper showed that each subscriber thereto was to pay an equal sum. The court admitted the evidence, which was that the defendant spoke of having a good deal of meadow and having a good deal to pay. It appeared that the amount which the defendant should pay, according to the claim of the plaintiff, would be $41.30, being based upon an estimate of a total of sixty and one half acres (of which the defendant owned ten acres) belonging to the subscribers to the agreement, including therein a number of acres owned by those who had paid, but who were not subscribers. No evidence was offered by the plaintiff on the subject of the amount of acreage contained in the whole tract protected by said gates. The only evidence on that point was the statement of one Smith, on cross-examination. This witness was offered by plaintiff, on the rebuttal, and upon cross-examination was asked by defendant's counsel what the amount of the whole meadows designed to be protected by said gates was; to which he answered "from sixty to seventy-five acres."

Upon the argument the defendant claimed that the proper construction of the contract was that each should pay in the proportion which the land he owned bore to the whole acreage to be benefited by the gates. This claim the court accepted as correct, and so construed the instrument, and taking the largest number testified to as being so benefited, namely seventy-five acres, found that the proportion that the defendant should pay would be $33.33, with nine dollars interest, making the whole amount $42.33, for which amount judgment was rendered.

The defendant here claims that the court erred in such

judgment, for two reasons : *First.* Because no claim for such proportion of the sum of $250 was made in the complaint, or by the plaintiff upon the trial of the case ; and because no testimony was offered in support of said claim, or as to the amount of acreage in said tract, except the remark of said Smith on his cross-examination on the rebuttal, which remark was never offered or claimed for the purpose of proving or supporting any claim to recover for the proportion which the ownership of the defendant bore to the whole amount of said acreage. *Second.* In ruling in the testimony of William C. Russell as to what was said at the time of the signature of the agreement, the same being an attempt to control the meaning of said agreement by parol.

Upon the first of the above reasons the defendant presents three claims. The principal one is upon the ground of variance from the complaint. He says : " The plaintiff cannot recover except on the contract set up, and on the claim made in his counts." This is true. But leaving, as the defendant insists we should, the common counts and the bill of particulars out of consideration, and confining ourselves to the special counts alone, we think such recovery has sufficient basis thereon. The written agreement is set forth in full. The allegations of the hereinbefore recited paragraphs six and seven, are simply as to an additional " understanding and agreement" concerning the meaning or construction of a term " proportional part," therein used, with a statement of the sum due upon such basis. It was unnecessary to make these allegations ; and, if being made, it was necessary to prove them, of course the plaintiff should not recover, for he failed, in the judgment of the court below to do so. But it was not. This court said in *Davis* v. *Guilford*, 55 Conn. 351, 354 : " The law forgives variances which, although they may magnify the injury and misstate attendant circumstances, neither raise any doubt in the mind of the defendant as to the charge which he is required to meet, nor induce him to omit any matter of preparation for defence." In this case the " charge " which the defendant " was required to meet," was his " proportional part of a sum of two hundred and fifty dollars." The plain-

Alling *v.* Forbes.

tiff alleged, and claimed to prove by extrinsic evidence, what this proportional part was. The defendant, on the other hand, claimed that the sum was to be determined by the construction of the contract itself. The court adopted this view and rendered judgment for the lesser amount only, due upon the construction claimed as proper by the defendant. Surely, he was not induced to his injury, " to omit any matter of preparation for defense," upon a point outside the main issue, concerning the measure of damages merely, and upon which he was entirely successful in his claim before the court.

But the defendant further says that he had no knowledge that it was intended to prove the amount of acreage in the whole tract protected by the gates, or the proportion which the defendant owned of such tract; that therefore he could not be required to meet such issue, and that he never did meet it. Since it appears that the evidence as to the amount of land the defendant owned, came from his own lips as a witness, and the statement as to the entire amount benefited by the gates was in answer to his own direct question on cross-examination, it seems hardly likely that any injustice has been done to the defendant on this account.

Nor do we think there is force in the remaining claim under the first reason: that the evidence of Smith as to the entire acreage, being upon rebuttal, should not be considered. Whenever received, it was, unless objected to, properly before the court.

The second ground of appeal cannot avail the plaintiff for the reasons already indicated. It is unnecessary to determine whether the evidence of Russell was properly admitted; for, should the conclusion be reached that it was not, the adoption by the court of the defendant's construction of the agreement, rendered it harmless.

It may be added that the repeated decisions of this court, to the effect that a new trial should not be granted when it is evident that substantial justice has been done, would appear to be in point in reference to the present case.

There is no error.

In this opinion the other judges concurred.