PETER J. McNERNEY vs. JOHN W. BARNES.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Under a count for money paid for the defendant, and a bill of particu-
lars for "cash paid at request of defendant for settling case of *A*
v. *B*," it appeared that defendant requested the plaintiff to pay
$50 to *G*, an attorney, to procure a settlement of said case, that the
plaintiff in pursuance of said request released to *G* a debt owed by
*G* to him, and *G* accepted said release in payment of his services
for defendant. *Held* that the variance as to the mode of payment
was immaterial, and that the trial court properly refused to charge
that the jury must render a verdict for the defendant.
If a cause of action is substantially stated in the complaint, defects in
the mode of statement are waived by pleading a general denial and
going to trial on that issue.
Where the issue is whether the defendant requested the plaintiff to
pay *G* a certain sum for his services, the real value of the services
of *G* is immaterial.

Argued June 8th—decided August 12th, 1904.

ACTION to recover money alleged to have been paid at
the request of the defendant, brought by appeal from a
judgment of a justice of the peace to the Court of Common
Pleas in New Haven County and tried to the jury before
*Bishop, J.;* verdict and judgment for the plaintiff, and ap-
peal by the defendant. *No error.*

The complaint contained eleven paragraphs, each pur-
porting to allege a separate cause of action. Before trial
the plaintiff abandoned all his allegations except the fol-
lowing : " On and before March 1st, 1902, the plaintiff paid,
laid out, and expended the sum of $75 for the defendant.
Said sum is justly due to the plaintiff from the defendant
and the defendant has never paid the same. The plaintiff
claims $100 damages." An amendment was filed in the fol-
lowing form : " Bill of Particulars. To cash paid at request
of defendant in settling case of State v. Barnes before Court
of Common Pleas, $50." The defendant answered by deny-

ing " the truth of matters in plaintiff's complaint and bill of particulars."

Upon trial to the jury, evidence was produced by plaintiff and defendant, without objection, upon which the plaintiff claimed to have proved, among other facts, the following: In 1901 the defendant was convicted of a breach of the peace and sentenced to be imprisoned for thirty days and to pay a fine of $25; he transferred the cause by appeal to the Court of Common Pleas, giving a bond for prosecution in which the plaintiff was his surety; he desired to settle this cause by arranging with the Prosecuting Attorney that his punishment upon a plea of guilty should be limited to a fine; for the purpose of securing such a settlement the services of Mr. Jacob P. Goodhart, at an agreed price of $50, were secured by the defendant through the plaintiff at an interview between Mr. Goodhart, the plaintiff and defendant; following Mr. Goodhart's efforts to arrange the settlement desired, the defendant pleaded guilty and was sentenced to pay a fine of $15. At the time of the foregoing facts Mr. Goodhart was justly indebted to the plaintiff in the sum of $50; after the settlement of the defendant's case the plaintiff gave Mr. Goodhart a receipt for said sum and a release in full of such indebtedness in settlement of Mr. Goodhart's charge against the defendant; this payment to Goodhart by the plaintiff was made with the knowledge, sanction and assent of the defendant.

Upon the same evidence the defendant claimed that he had never authorized the plaintiff to employ Goodhart, nor to pay Goodhart, and had never agreed nor assented to the payment of $50 to Goodhart.

The defendant requested the court to charge the jury that proof that the plaintiff, at the request of the defendant, released Goodhart from an indebtedness of $50 due the plaintiff in settlement of Goodhart's charge against the defendant, did not correspond with the allegations of the bill of particulars, "to cash paid at request of defendant in settling the case of State v. Barnes before the Court of Common Pleas," and therefore the jury must bring in a verdict for

the defendant; that there was a fatal variance between the allegation and the proof, and that judgment for the plaintiff could not be supported on the allegation by such evidence as the plaintiff had introduced. This request was denied by the court.

The appeal assigns error in the denial of the defendant's request to charge, and also claims error in the charge as given.

*David E. Fitzgerald* and *Walter J. Walsh*, for the appellant (defendant).

*Sanford B. Martin*, for the appellee (plaintiff).

HAMERSLEY, J. Upon (1) the defendant's requesting the plaintiff to pay, on behalf of the defendant and for his benefit, the sum of $50 to Goodhart in satisfaction of Goodhart's claim to that amount against the defendant, (2) the plaintiff's transferring, in pursuance of that request, the sum of $50 belonging to him to Goodhart, and (3) Goodhart's acceptance of the sum thus transferred in payment and satisfaction of his claim against the defendant, the law imposed upon the defendant the duty of reimbursing the plaintiff for the sum thus expended on behalf and for the benefit of the defendant, and upon the defendant's failure to perform this duty a right of action accrued to the plaintiff. This is the cause of action proved by the evidence of the plaintiff, and this cause of action is in substance alleged in the complaint as amended; its defective and faulty statement was waived by the defendant in denying the allegations of the complaint and going to trial upon that issue. It is evident that while an actual payment to Goodhart of the sum of $50 may be matter of substance, the precise manner in which that payment was accomplished is immaterial. If the plaintiff in proving his actual payment to Goodhart of the sum of $50 did disclose a mode of payment differing from that described in his complaint, such a variance in proof is immaterial, and immaterial variances must

be wholly disregarded. Rules under the Practice Act, III, § 6. The trial court, therefore, did not err in refusing to charge as requested by the defendant.

The exceptions taken to the charge as given furnished no ground for a new trial. Upon the issues joined, the value of the services on which Goodhart's claim was based was immaterial, and the court properly charged the jury that they must find an actual payment to Goodhart by the plaintiff and the actual amount so paid, but that the value of Goodhart's services was not in issue.

The other claim of the defendant, that the court omitted to sufficiently instruct the jury as to the questions of law arising upon the pleadings, the state of the evidence, and the legitimate claims of the parties, is plainly unsupported by the record.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.