ELIZABETH OSBORN vs. THE CITY OF NORWALK.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

A city has no right to divert permanently the waters of a stream for
municipal purposes, merely because it owns a dam and adjoining
land on the banks of the stream in another town. Such diversion
in no way promotes the beneficial enjoyment of the riparian prop-
erty.

A riparian right may be exercised in such an unreasonable manner as
to constitute an actionable invasion of the rights of a lower pro-
prietor.

Whether it has been so exercised in a given case is a mixed question
of law and fact.

An upper riparian proprietor who, by opening his flood-gate in time
of freshet, although this be necessary to the safety of his dam,
discharges an excessive and unreasonable quantity of water upon
the land of a lower proprietor, may be liable in damages for the
injury thereby caused to the lower proprietor.

A lower riparian proprietor can complain of an increased diversion of
water by an upper riparian proprietor, when more is diverted than
the latter had a right to divert, although such increase results
from repairs to his dam, which were necessary to maintain its
efficiency.

An inartificial statement in the complaint of the plaintiff's real griev-
ance, which works no prejudice to the defendant, is an immaterial
variance, and under the rules of the Practice Act should be disre-
garded.

Inasmuch as a losing party, in drawing a proposed finding for purposes
of appeal, should state the facts as he understands they have been
or will be found by the trial judge, such statements cannot be
treated as an admission by him that the facts described are ac-
tually as therein set forth.

In preparing the record on appeal, pleadings which have been super-
seded and become of no importance should not be printed.

Submitted on briefs January 24th—decided April 20th, 1905.

ACTION to recover damages to lands of a riparian owner
caused at times by an unreasonable and excessive flowage
and at other times by a diminished flow, and also for an in-
junction, brought to and tried by the Court of Common Pleas

in Fairfield County, *Curtis, J.;* judgment for the plaintiff for $300 damages, and appeal by the defendant. *No error.*

*Levi Warner* and *Louis Goldschmidt,* for the appellant (defendant).

*Homer S. Cummings,* for the appellee (plaintiff).

BALDWIN, J. The defendant city built thirty years ago and ever since has maintained and used a dam on its own land in the town of New Canaan, on Silvermine River, a non-navigable stream, to store up water to be brought to the city (which is remote from the dam) in pipes, for use there for municipal purposes. A large amount of water was thus diverted from the river, which was never restored to it.

Such a use of it by the city was not warranted by its riparian ownership. The diversion in no way promoted its beneficial enjoyment of its land adjoining the river. *Harding* v. *Stamford Water Co.,* 41 Conn. 87. The plaintiff is a riparian proprietor owning land below the dam, and her property rights in the water so diverted have never been acquired by the defendant. She sues for damages caused by such a diversion during the summer season, since 1901. From 1871 to 1901, the diversion was injurious to her, the bed of the stream opposite her land being sometimes left nearly dry; but since 1901 the diversion has been greater still.

The dam was constructed with a depression in the top, constituting a spill-way, and a flood-gate near the base, by opening which, on occasion, water could be discharged from near the bottom of the reservoir. During a few years last past this gate has been repeatedly opened in time of freshet and a body of water discharged which inundated the plaintiff's land to a depth and with a force greater than could have been the case had the stream been allowed to flow down in natural course. She also claims damages on this account.

The plaintiff has sued only for damages received during

a recent period. Her complaint indeed is, not that the dam was constructed for an unlawful purpose, nor that its use for the purpose for which it was constructed is necessarily unlawful, but that the manner in which it has been used of late has caused her damage. The defense set up, that the city had acquired a prescriptive right to maintain the dam, was found untrue, but had it been established, it would not follow that it had a defense against the present action. A right to a reasonable use of a riparian right does not justify its unreasonable use. For one riparian proprietor to discharge great quantities of water in freshet-time upon the land of another, beyond that which the freshet itself would carry down, may be an actionable invasion of the latter's rights, even if necessary to the safety of water-works constructed by the former. *Hooker* v. *New Haven & N. Co.*, 14 Conn. 146, 161. Nor could a right to divert water permanently from its natural course, to an extent not substantially injurious to the riparian rights of others, carry a right to divert it to an extent that was substantially injurious to them.

The diminution in the flow of water down stream since 1901 was due to repairs in the dam whereby certain leaks of many years standing were stopped. These repairs were necessary to maintain the efficiency of the dam. The defendant claims that it therefore had a right to make them. However this may be, no increase in the amount of water permanently diverted from the stream could thus be lawfully obtained to the prejudice of other riparian proprietors.

The complaint is divided into two counts, and it is claimed that there was a variance as respects the proofs offered to support the first, which was for overflowing the plaintiff's land by wrongfully and negligently failing to open the flood-gate early enough in periods of high water. This was an inartificial manner of stating the real grievance, which is shown by the finding to have been rather the opening of the flood-gate at any time during such periods. It was, however, the purpose of the Practice Act to do away

with technicalities in pleading, and discourage claims of variance. The defendant can have suffered no prejudice from the method of statement adopted by the plaintiff. It directed attention to the true nature of her loss, and while the particular cause which she alleged proved not to be the true one, its general and controlling cause was sufficiently indicated. The variance was immaterial and was properly disregarded. Rules of Court, Ed. of 1899, p. 45, § 149. The plaintiff has not stated a defective title for relief, but made a defective statement of a good title to it.

Whether the defendant did what it did, and omitted what it omitted, wrongfully and negligently, depended on certain principles of law applicable to certain facts. The questions of law have been already considered. The other questions were purely as to matters of fact, and their determination by the trial court was conclusive. *Peltier* v. *Bradley, D. & C. Co.,* 67 Conn. 42, 49.

After that court had announced its intention to give judgment for the plaintiff, the defendant filed a proposed finding of facts for the purposes of appeal, in which, following a memorandum of decision made by the judge, it stated that the diminution of the flow of the stream caused in and after 1901 was unreasonable and unlawful, and that the defendant had never gained any prescriptive right, as against the plaintiff, to diminish the natural flow of the stream. These statements were marked as "Proven," by the trial judge. The defendant is right in claiming that such a request by a losing party is no admission by him that the facts are as they may be therein set forth. It is proper for him to describe the facts as he understands that they have been or will be found by the court. Rules of Court, Ed. of 1899, p. 92, § 7.

During the progress of the cause the pleadings were remoulded by consent, and afterwards, a demurrer to part of the answer having been sustained, an "amended substituted answer" was filed. It was by a reply to the latter that the issues were closed, on which the judgment was rendered. The preliminary pleadings, which thus ultimately became

unimportant, should not have been printed for use in this court; no reason of appeal having been predicated upon them. Rules of Court, Ed. of 1899, p. 99, § 22.

There is no error.

In this opinion the other judges concurred.