CARRIE F. SCOTT *vs.* HERMAN A. SCOTT.

Third Judicial District, Bridgeport, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A defendant who goes to trial upon the general issue after a demurrer to his second defense has been sustained, does not thereby waive his right to have the ruling upon the demurrer reviewed by this court upon appeal, after final judgment has been rendered against him. In reviewing such ruling, however, this court is not bound to shut its eyes to the subsequent proceedings, but may consider any facts found, which, while not specifically alleged, are yet within the issue and tend to fortify and strengthen the case against the criticisms raised by the demurrer.

Where a second suit is brought for the same claim or cause of action, and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the first action; but when the second suit is upon a different cause of action, though between the same parties, the judgment in the former action oper-

Scott *v.* Scott.

ates as an estoppel only as to the point or question actually litigated and determined, and not as to others which might have been litigated and determined.

An allowance of alimony in a divorce decree is not a bar to an action subsequently brought by the wife against her former husband to recover an indebtedness existing at the time the divorce judgment was rendered, since the two suits are not for the same claim or cause of action. Nor can such allowance operate by way of estoppel, merely because evidence of the facts out of which such indebtedness arose was heard and considered by the trial court in the divorce action; for such evidence could only have been received for the purpose of enabling the court to ascertain what property the wife possessed and how much was fairly and reasonably due to her as alimony from the estate of her husband. In such cases alimony is allowed not as a debt, or as damages, due from the husband, but as a means of support to which the wife is entitled, and of which she has been deprived through the husband's default in the performance of his marriage contract.

The plaintiff alleged that she loaned money to the defendant which he used in the purchase of certain real estate; while the facts found warranted a judgment for money received under an agreement that the title to the property should be taken in their joint names, which the defendant failed to carry out. *Held* that the complaint directed the attention of the defendant to the true nature of the plaintiff's loss, and therefore the alleged variance ought not to have misled or prejudiced him in maintaining his defense upon the merits; and that inasmuch as the evidence had been received without objection, and no motion had been made to strike it out during the trial when the defect could have been easily obviated or avoided, the defendant had waived his right to urge the objection upon his appeal to this court.

Submitted on briefs October 26th—decided December 16th, 1910.

ACTION to recover money loaned, brought to and tried by the Superior Court in New Haven County, *Shumway, J.,* after a demurrer to the second defense had been sustained (*Curtis, J.*); facts found and judgment rendered for the plaintiff for $1,600, and appeal by the defendant. *No error.*

*David E. FitzGerald* and *Walter J. Walsh,* for the appellant (defendant).

*Robert C. Stoddard,* for the appellee (plaintiff).

RORABACK, J.  This is an action brought on the common counts.  The bill of particulars contained two items of money loaned to the defendant by the plaintiff, viz., February 29th, 1904, $1,300, and July, 1904, $3,000.  In compliance with an order of court, the plaintiff made her bill of particulars more specific, by stating that the $3,000 referred to in the second item of the bill of particulars was money loaned by the plaintiff to the defendant, and was used by the defendant as part of the purchase price for the premises known as 61 Garden Street.

The first defense was a general denial, and the second defense was adjudged insufficient on demurrer.  The parties then went to trial under the general issue, when the court found for the plaintiff and rendered judgment for $1,600.

The appeal assigns error in sustaining the demurrer to the second defense, and because the court overruled certain claims of law which the defendant made upon the trial.

The defendant's main contention, expressed in several forms in the reasons of appeal, is to the effect that the court erred in not holding that the judgment granting alimony to his wife in the divorce proceedings was a bar to her recovery in the present action.

Going to trial under the general issue, after a demurrer to the second defense had been sustained, did not waive the right of appeal, after final judgment, from the interlocutory judgment upon the demurrer. *Hunter's Appeal*, 71 Conn. 189, 198, 41 Atl. 557.  But it does not follow that a reason of appeal of that nature is to be decided without reference to the proceedings following the answer.  If these, without the imposition of any new and improper burden upon the defendant, result in a judicial finding by which the facts alleged are supported, and their legal effect broadened by

other facts not specifically alleged but within the issue, this court is not to shut its eyes to the finding and consider the demurrer as if it had been the termination of the pleadings.  Having, now, all the facts before us, we are not required to rule upon what would be the result of some of them standing alone.  *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 Atl. 1084.

For the purpose of testing the question as to whether the defendant was injured by the judgment, we are therefore to examine the facts set up in the second defense, in connection with the other facts found to exist.  Thus treated, it appears that for some years after their marriage the parties were engaged in the business of pressing and cleaning clothes.  This business started on a small scale, but through the industry and application of both husband and wife it became profitable.  The profits, by agreement between them, were divided, and the plaintiff's share at first was deposited in a savings-bank in her own name, but subsequently was transferred to their joint account.  In May, 1897, they purchased a dwelling-house for their own occupancy, and $3,200 of this purchase price was paid in cash drawn from their joint account.  The title to this property was taken in the name of the husband, contrary to an agreement that it was to be taken in their names as joint owners.  This title was so taken without the consent of the wife and contrary to her express direction.  Sixteen hundred dollars, one half of the sum paid on the purchase price for the dwelling-house, was the plaintiff's property, for which the judgment now in question was rendered.  The parties moved into this house and lived there until July, 1905, when they separated.  Shortly thereafter an action claiming a divorce, alimony, and a change of the plaintiff's name, was instituted.  The complaint in that action, among other things, alleged that the defendant had been guilty

of intolerable cruelty, and that the defendant owned real and personal estate of the value of $10,000. A decree was rendered awarding a divorce to the plaintiff from the defendant, and allowing her $1,000 as alimony, which was paid by the defendant. On the trial of the divorce action the plaintiff introduced evidence and sought to prove the truth of the matter she now alleges in her present complaint and bill of particulars, for the purpose of enhancing whatever sums the court might find to be due her under her claim for alimony. The court received said evidence and considered all the conditions and circumstances surrounding and connected with the plaintiff's present claim as set forth in her complaint and bill of particulars, for the purpose of ascertaining what was fairly and reasonably due to the plaintiff as alimony.

Is this a case of estoppel by judgment? The law in respect to such estoppel was fully considered and determined by the court in the case of *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195. It was there decided that when the second suit is upon the same cause of action, and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the first action; but when the second suit is upon a different cause of action, though between the same parties, the judgment in the former action operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. By the rule laid down in the case cited, the judgment in the suit for a divorce is conclusive here only as to the matters there litigated and determined. This judgment is in the usual form, and shows that the court found that the defendant was the owner of real and personal estate to the value of

$3,000, and that $1,000 was a reasonable portion of the defendant's estate to assign to the plaintiff. The General Statutes, § 4556, provides that "the superior court may assign to any woman so divorced part of the estate of her husband, not exceeding one-third, may change her name, and may order alimony *pendente lite* to be paid to the wife in any complaint or cross bill for divorce pending in such court, upon such terms and conditions as it shall deem advisable." The court did not, under the provisions of this statute, make an allowance to the plaintiff in this case as a debt due to the wife, or as damages to be paid to her by her husband on their divorce, but as a part or proportion of his estate, fixed by the court in its discretion and appropriated to her, and to which she thereupon became legally entitled. Such a decree and assignment is specific in its character, and operates as a division or partition, between the husband and wife, of his property, in such proportion as the court by its decree determines. *Lyon* v. *Lyon*, 21 Conn. 185, 196, 197. In other words, that which was determined by the judgment in the divorce case was an allowance out of the estate of the husband made for the support to which the wife was entitled, and of which she had been deprived through the husband's default in the performance of the marriage contract. Nothing was determined in the present case by the court below which was antagonistic to the adjudication in the divorce proceeding, and it is clear that the two suits were upon different causes of action.

The defendant contends, in his second defense, that the plaintiff, upon the trial of the action for a divorce, for the purpose of increasing the amount that might be allowed her as alimony, sought to establish the claim now in question. A sufficient answer to this claim is found in the fact that this evidence could only have

been received for the purpose of ascertaining what was fairly due to the plaintiff as an allowance from her husband's estate. To reach such a conclusion it became the duty of the trial court not only to make proper deductions from the amount of the defendant's estate for his indebtedness to his wife and others, existing when the divorce was granted, but also to consider the financial condition of the wife aside from any allowance which might be made. *Burrows* v. *Purple*, 107 Mass. 428, 433. The court below has found that at and before the time when the decree for a divorce was rendered the husband was indebted to the wife in the sum of $1,600.

It is not claimed that there is anything in the evidential and subordinate facts to justify us in questioning the legality and correctness of this conclusion. We have seen that the law provides that the allowance which was made to the plaintiff in a divorce case must be taken from the estate of the husband. That which the wife owned before the judgment in the divorce proceedings is still hers so far as that decree is concerned, and, while it was proper to take her property into consideration in that trial, yet the judgment there rendered in no way affected it. *Fredericks* v. *Sault*, 19 Ind. App. 604, 49 N. E. 909; 1 Van Fleet on Former Adjudication, p. 461; *Gray* v. *Thomas*, 83 Tex. 246, 251, 18 S. W. 721.

One assignment of error is addressed to a question of variance between the allegations of the complaint and the proof offered to sustain them. No evidence showing a variance is recited in the record, but the defendant in argument contends that it appears that the plaintiff's cause of action is based upon an allegation for money loaned, while the finding of facts shows that she is seeking damages for the conversion of her money.

The complaint alleged a loaning of the money to the defendant, and that it was used by him in the purchase of certain real estate. The facts found warranted a judgment for money received under an agreement that it should be used for an express purpose, which the defendant failed to carry out. See *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 204, 36 Atl. 38; *Wales* v. *Wetmore*, 3 Day, 252. The complaint directed attention to the true nature of the plaintiff's loss, and this variance ought not to have misled the defendant or prejudiced him in maintaining his defense upon the merits of his case. The entire evidence was received without any objection upon the ground of variance between allegation and proof. No motion was made to strike out the evidence upon the ground that it was not within the issues. The defect, if pointed out during the trial, could have been easily obviated or avoided. The defendant, by his failure to raise the question of variance in some form, waived the defect, and it is now too late to insist upon such a point upon appeal. *Plumb* v. *Curtis*, 66 Conn. 154, 165, 33 Atl. 998; *McNerney* v. *Barnes*, 77 Conn. 155, 157, 58 Atl. 714; *Osborn* v. *Norwalk*, 77 Conn. 663, 666, 60 Atl. 645; *Fenton* v. *Mansfield*, 82 Conn. 343, 73 Atl. 770.

There is no error.

In this opinion the other judges concurred.