VINCENZO PASCUCCI *vs.* ANTONIO T. ROSSI ET AL.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A complaint upon a note alleged to have been payable to R, "attorney
and agent of the plaintiff," is supported by proof of a note payable
to the order of R, coupled with proof that R was the agent and
attorney of the plaintiff in taking the note; the expression quoted
having reference merely to the capacity in which R acted in the
transaction, and not to the language of the instrument.

Acts and contracts may be stated according to their legal effect, but
in so doing the pleading should be such as fairly to apprise the
adverse party of the state of facts which it is intended to prove.

Argued April 11th—decided June 1st, 1917.

ACTION by the indorsee against the maker and in-
dorser of a promissory note, brought to and tried by
the City Court of New Haven, *Booth, J.;* facts found
and judgment rendered for the plaintiff for $392, and
appeal by the defendants. *No error.*

*Robert J. Woodruff,* for the appellants (defendants).

*Philip Pond,* for the appellee (plaintiff).

RORABACK, J. The plaintiff's cause of action is de-
scribed in his complaint as follows: "On February 1,
1916, the defendant A. T. Rossi made his note dated
on that day and thereby promised to pay to the order
of one Isadore W. Resnik, attorney and agent of the
plaintiff, the sum of $380, three months after date, at
The Mechanics Bank, New Haven."

The language of the note, which was introduced in
evidence against the objection of the defendant, was
this:—

"$380.00         New Haven, Conn., Feb. 1, 1916.

Three months after date I promise to pay to the order of Isadore W. Resnik, three hundred and eighty ($380.00) dollars, at The Mechanics Bank, New Haven, Connecticut.

"A. T. Rossi."

The defendant contends that the allegation of the complaint was that the defendant promised to pay to the order of one Isadore W. Resnik, attorney and agent of the plaintiff, the sum of $380. The proof offered by the plaintiff was a note drawn to Isadore W. Resnik alone, and indorsed by him to the plaintiff, whose name did not appear thereon. It is claimed that the allegations in the complaint were not supported by the proof, and that the variance was fatal.

The plaintiff's complaint does not purport to contain an accurate description of the note. The words "attorney and agent for the plaintiff," should be construed as descriptive of the capacity in which Resnik was acting for the plaintiff and not as descriptive of the note. These words fully apprised the defendant of the facts upon which the plaintiff undertook to rely. This was good pleading.

Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. An act or promise by a principal (other than a corporation), if in fact proceeding from an agent known to the pleader, should be so stated. Practice Book (1908) p. 244, § 144. See *Jacobson* v. *Hendricks*, 83 Conn. 120, 127, 75 Atl. 85; *Clark* v. *Wooster*, 79 Conn. 126, 131, 64 Atl. 10. That being so, it necessarily follows that the plaintiff's cause of action was properly stated in his complaint, and that there was no variance between allegation and proof.

The finding of the court below fully disposes of the defendant's claim that the note in question was never indorsed by the plaintiff, as alleged in the complaint.

There is no error.

In this opinion the other judges concurred.