## JOE B. MUDD, Respondent, v. M. SMITH MORRIS, Appellant.

St. Louis Court of Appeals. Opinion Filed November 6, 1923.

1. **MONEY HAD AND RECEIVED**: Money Demand: Amount Received Equivalent to Money: Action Lies. Where, in consideration of the payment to him of $400 and the discharge of a money demand owing by him to plaintiff, defendant agreed to procure for the plaintiff a certain sum in cash in lieu of a note for said sum secured by deed of trust, the money demand which defendant owed plaintiff being regarded and treated as the equivalent of money, defendant having failed to perform, plaintiff's action to recover the $400 and the value of the debt as for money had and received, would lie.

2. **INSTRUCTIONS**: Instruction Authorizing Verdict for Named Sum Not Supported by Evidence: Erroneous: Cured by Remittitur. In an action for money had and received, where the evidence as to the amount of a money demand canceled by plaintiff for articles purchased by defendant was in dispute, an instruction that if defendant accepted plaintiff's receipt for the indebtedness together with a check for $400 as payment for the agreed sum of $700, then to find for plaintiff for the latter sum, was erroneous, but the error could be cured by *remittitur*.

Appeal from the Circuit Court of Lincoln County.—
*Hon. Edgar B. Woolfolk,* Judge.

AFFIRMED (*conditionally*).

*Hostetter & Haley* for appellant.

Payment ordinarily means a discharge and settlement in money; hence a simple plea of payment without more means in law payment in money. Payment in anything other than in money rests on an independent agreement and the substantive facts of such agreement must be pleaded and cannot be shown under a simple plea of payment. Bank v. Stewart, 136 Mo. App. l. c. 34; Moore v. Renick, 95 Mo. App. l. c. 210; Rider v. Culp, 68 Mo. App. l. c. 530; Sutton v. Libby, 201 S. W. l. c. 617.

*McGinnis & Smith* for respondent.

(1) Under the common counts any evidence may be given, even of fraud, going to establish the fact that defendant has obtained money or property for which he should account. Garnet & Allen Paper Co. v. Midland Pub. Co., 156 Mo. App. 187, 136 S. W. 736. It lies for money paid by mistake or for money gotten through imposition (express or implied), or an undue advantage taken of plaintiff's situation. It is a form of action favored in our State. St. Louis Sanitary Co. v. Reed, 161 S. W. 315. (2) Property other than money. Musick v. Richardson, 6 Mo. 171. 1 Abbott's Trial Evidence (3 Ed.), at page 742 and cases cited thereunder; McCormick v. Obanion, 153 S. W. 267.

BRUERE, C.—This is an action for money had and received in the amount of seven hundred dollars. The cause was tried on the 6th day of April, 1922, before the court and a jury and resulted in a verdict and judgment in favor of the plaintiff for said amount, together

with legal interest thereon, from which judgment the defendant appeals.

It appears from the evidence, adduced by the plaintiff at the trial, that prior to the 28th day of April, 1920, plaintiff contracted to sell to defendant his farm for the sum of twenty-one thousand dollars; that by the terms of the contract plaintiff was to carry twelve thousand dollars of the purchase price of said farm for a period of five years at six per cent interest per annum, the same to be secured by a note and deed of trust on said farm, executed by defendant and made payable to the plaintiff; that on said 28th day of April, 1920, it was agreed between the plaintiff and defendant that if the plaintiff would pay to the defendant the difference between the six per cent, which the defendant was to pay the plaintiff on the deferred payment of twelve thousand dollars, and seven per cent at which defendant could borrow the twelve thousand dollars, together with one hundred dollars, which defendant would have to pay as a commission in obtaining the twelve thousand dollars, defendant would pay the plaintiff the said sum of twelve thousand dollars in cash; that the amount which the plaintiff so agreed to pay was seven hundred dollars and that plaintiff paid this sum, as hereinafter stated, on the 28th day of April, 1920, to the defendant for the purpose and consideration above set out.

The evidence further shows that on April 28, 1920, the defendant was indebted to the plaintiff for certain articles purchased by him from the plaintiff and on said day plaintiff executed and delivered to the defendant the following receipt:

"Bowling Green, Mo., April 28, 1920.

Received of M. Smith Morris all amounts in full due me on account of purchase made at sale of Joe B. Mudd, March 24, 1920.

J. B. MUDD."

This receipt, together with a check for four hundred dollars which was executed by the plaintiff in

favor of and delivered to the defendant, constitute the basis of plaintiff's claim of the alleged payment by him of the sum of seven hundred dollars to the defendant as a consideration for the payment to him by defendant of the sum of twelve thousand dollars in cash in lieu of the note of twelve thousand dollars, and which payment of twelve thousand dollars the defendant failed to make.

Defendant admitted at the trial that he received the said receipt and the four hundred dollar check, but claimed that the same were accepted by him under an agreement between him and the plaintiff, whereby plaintiff agreed to pay him the sum of seven hundred dollars for loss of time, and expenses incurred, in endeavoring to procure for plaintiff the sum of twelve thousand dollars, in cash, in lieu of a note for said twelve thousand dollars secured by deed of trust on the land purchased by him from the plaintiff.

The appeal assigns error in the denial of the defendant's request to charge the jury that "in no event can plaintiff recover anything in this action on account of articles purchased by defendant at plaintiff's sale covered by the receipt read in evidence."

We are unable to yield our assent to the defendant's contention that the special demurrer should have been given on the ground that the petition declared upon *money* had and received and that this action can be maintained only by showing that the defendant has actually received *money* which in equity and good conscience he ought not to keep.

It will be noted that the defendant owed plaintiff a money demand, and that he received from plaintiff a discharge of said money obligation and accepted the same as money in part payment of the money demand which plaintiff owed him upon defendant's obtaining for plaintiff the sum of twelve thousand dollars in cash. In other words the amount that defendant owed plaintiff was regarded and treated as equivalent to money

both by the plaintiff and defendant. The fact that the parties did not go through the useless procedure of actually handling money instead of what they considered as equivalent to money in discharge of defendant's debt, which called for money, can have no bearing in this action. We hold that the special demurrer was properly refused. [Houx v. Russell, 10 Mo. 159; McNerney v. Barnes, 77 Conn. 155; Beardsley v. Root, 11 Johnson Reports, 464.]

Defendant assigns as error the action of the trial court in giving instruction No. 1, for the plaintiff. Said instruction reads:

"The court instructs the jury that if the jury believe and find from the evidence that prior to April 28, 1920, that the plaintiff, Joe Mudd entered into a contract with the defendant, M. Smith Morris, for the purchase and sale of plaintiff's farm in Pike County, Missouri, wherein defendant agreed to execute his promissory note for $12,000, representing a deferred payment on said farm, and to secure said promissory note by a deed of trust on said farm, that thereafter the defendant, M. Smith Morris, agreed for and in consideration of $700 to be paid the said Morris by the said Mudd to pay the aforesaid $12,000 in cash to the plaintiff, and if the jury further believe and find from the evidence *that the defendant accepted the receipt of the plaintiff for an indebtedness of defendant to the plaintiff together with a check of the plaintiff for $400, as payment for the aforesaid $700* consideration on said account and that defendant, Morris failed to pay the $12,000 in cash to the plaintiff and retained and still retains the consideration for the $700 payment as aforesaid, if the jury so believe and find from the evidence, then in that event your verdict must be for the plaintiff and against the defendant for the sum of *$700,* together with interest thereon at the rate of six per cent per annum from the 28th day of April, 1920, to this date. (Italics ours.)

It is contended that said instruction is erroneous because it authorized the jury to find seven hundred dollars and interest against the defendant.

The first objection urged in support of said contention involves the same question raised by defendant on his objection to the action of the trial court in refusing the special demurrer. The second point made, in support of said contention, is that under the evidence the jury could not find a verdict for seven hundred dollars, because the defendant claimed at the trial, and the evidence showed, that the amount due the plaintiff for articles purchased by the defendant at said sale did not amount to three hundred dollars. We are constrained to hold that this point is well taken.

It was not proved, nor did the defendant admit at the trial, that defendant's indebtedness to plaintiff amounted to three hundred dollars. On the contrary, the plaintiff in his testimony placed the amount of said indebtedness below said sum, and the defendant in his testimony placed it at one hundred and fifty dollars. Plaintiff can recover, in this action, only such sum as in equity and good conscience belongs to him; he cannot in any event recover more than the sum actually received by the defendant in the transaction upon which this suit is based.

The third assignment of error relates to divers sundry adverse rulings of the trial court, which restricted counsel for defendant in his cross-examination of the plaintiff. We have considered them all and find no merit in them.

The amount of the judgment herein is seven hundred dollars, together with interest thereon at the rate of six per cent per annum from the 28th day of April, 1920, to the 6th day of April, 1922, the date of the entry of the judgment, making the total amount of the judgment seven hundred and eighty-one dollars and thirty-five cents. In view of the amount of the judgment and the error in giving instruction No. 1, for the plaintiff,

the commissioner recommends that if the plaintiff will enter a remittitur of one hundred and fifty dollars, together with seventeen dollars and forty-five cents, being the interest thereon at the rate of six per cent per annum from the 28th day of April, 1920, to the 6th day of April, 1922, as and of the date of the original judgment, within ten days from this date, the judgment should be reversed and the cause remanded, with directions to enter judgment in favor of. plaintiff against defendant for the sum of six hundred and thirteen dollars and ninety cents, to be entered as of the date of the original judgment, otherwise the judgment should be reversed and the cause remanded for a new trial.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court.

If the plaintiff will enter a remittitur of one hundred and fifty dollars, together with seventeen dollars and forty-five cents, being the interest thereon at the rate of six per cent per annum from the 28th day of April, 1920, to the 6th day of April, 1922, as and of the date of the original judgment, within ten days from this date, the judgment will be reversed and the cause remanded, with directions to enter judgment in favor of plaintiff against defendant for the sum of six hundred and thirteen dollars and ninety cents, to be entered as of the date of the original judgment, otherwise the judgment will be reversed and the cause remanded for a new trial.

*Allen, P. J.,* and *Becker.* and *Daues, JJ.,* concur.