JOSEPH NOCERA *vs.* ANTONINA LAMATTINA.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS and JOHN RUFUS BOOTH, Js.

Argued January 16th—decided March 2d, 1929.

HAINES, J. It appears from the finding that the defendant-appellant was the owner of a house and lot in Waterbury and desiring to sell it, enlisted the services of the plaintiff to find a purchaser for the property, agreeing to pay him three per cent on the sale price. The plaintiff thereupon offered it to a Mrs. Bianca who lived with her husband in Waterbury. The families of Mrs. Bianca and the defendant were personal acquaintances. The price at which the property was offered to Mrs. Bianca not being satisfactory to her,

she offered the plaintiff a lower price, which the plaintiff reported to the defendant, who refused it, but named a somewhat lower figure than at first, which the plaintiff in turn reported to Mrs. Bianca, and the latter refused to pay that figure, but increased her first offer. This was reported to the defendant by the plaintiff, but was not then accepted. While the matter thus stood, Mr. and Mrs. Bianca visited the defendants without the knowledge of the plaintiff, and concessions in price being made on both sides, a sale was concluded at $10,600, a payment of $200 was made to the defendant to bind the bargain, and the property was deeded by the defendant to Mr. and Mrs. Bianca. Upon demand by the plaintiff for a commission of three per cent on the sale price, the defendant refused to pay the plaintiff, who then brought this action and obtained judgment for $318, being three per cent on $10,600. The appellant, by motion to correct, sought to eliminate from the finding the statements that the property was sold to Mrs. Bianca and her husband and that it was transferred to them. It is not claimed that these facts were found without evidence, but the reason given for the motion is that the evidence supporting these findings was not the best evidence. No objection to the evidence or motion to strike it out on the trial, appears of record, and advantage cannot be taken of the best evidence rule simply by motion to correct the finding. Practice Book, p. 309, § 11; *Elkin* v. *McGeorge*, 103 Conn. 486, 489, 130 Atl. 898; *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 129 Atl. 527. She also sought to add to the finding eight of the fourteen requests to find, the substance of which was that Mr. Bianca testified he had not been told of the property by any real-estate agent, and that he had not been told by his wife that the property was offered for sale, also that the defendant had talked with other real-

estate agents but had not given the exclusive agency to anyone; that the plaintiff did not produce the deed in court nor explain its absence, nor call Mrs. Bianca to support his claims, and finally that Mrs. Bianca did not buy the property or furnish money therefor.

Upon these claims there is inserted in the record many pages of testimony, much of it contradictory and a large portion of it irrelevant and without bearing upon the questions at issue. This irrelevant evidence has no proper place in this record and should not have been printed.

It is apparent that the trial court did not accept as true some portions of the defendant's evidence. This was within the province of the court. On the other hand, there is evidence which reasonably and fairly supports the conclusion that the sale was made to Mrs. Bianca and her husband. For this reason and also because much which the appellant desired to add to the finding was purely evidentiary matter, the court was justified in its denial of the motion to correct the finding. Moreover, even if those portions of the request which could properly be called relevant subsidiary facts had been added to the finding, it would not necessarily have compelled a different conclusion as to the ultimate fact, that Mrs. Bianca was, with her husband, the purchaser of the property. The contention underlying this motion to correct is that the plaintiff was not the procuring cause of the sale to the defendant and her husband. The finding in one paragraph gives an affirmative answer to this question, and, in another paragraph, states that "she [the defendant] was well aware that they had been procured as purchasers of said property through the efforts of the plaintiff and that he was the procuring cause of the sale." This finding stands unassailed, save by indi-

rection in the motion to correct, which we have already discussed.

The second assignment of error is that it was improper to admit evidence of the conversation of the plaintiff with Mrs. Bianca without further evidence save that of the plaintiff himself, that Mrs. Bianca was the purchaser of the property.

The claim is not a valid one. There was other evidence before the court that Mrs. Bianca was at least one of the purchasers. The court was justified in drawing the conclusion from the testimony of the plaintiff and of the defendant as well, that the latter had admitted the sale was made to Mr. and Mrs. Bianca.

The final assignment of error is that the court improperly gave judgment for three per cent of $10,600, whereas the complaint alleged the sale was made at $10,400.

The complaint set forth clearly and unmistakably the true nature of the plaintiff's demand, which was for a three per cent commission upon the selling price of the defendant's property. This selling price was erroneously stated to be $10,400, while the admitted fact is that it was $10,600. The *ad damnum* was $400 and the judgment was for $318.

Under these circumstances, there can be no fair claim that by this variance the defendant was in any way misled to her prejudice in presenting her defense, which was that the plaintiff was not the procuring cause of the sale. The evidence that the selling price was $10,600 instead of $10,400 was received without objection and no motion to strike it from the record on the ground of variance or otherwise was made. The defect in pleading could readily have been obviated by amendment had timely attention been directed to it, and by the failure of the defendant to object to the admission of this evidence as not within the allegations

of the complaint, she must be held to have waived the defect and cannot take advantage of it upon this appeal. Under the Practice Act claims of variance are discouraged. "A variance, . . . to be available, must be 'a disagreement between the allegations and the proof in some matter . . . essential to the charge or claim.' " Such is clearly not the case in the present instance. *Plumb* v. *Griffin*, 74 Conn. 132, 136, 50 Atl. 1; *Scott* v. *Scott*, 83 Conn. 634, 641, 78 Atl. 314; *Osborn* v. *Norwalk*, 77 Conn. 663, 666, 60 Atl. 645; Practice Book, p. 280, § 167, p. 285, § 186.

There is no error.

In this opinion the other judges concurred.