MARY ANNA DOMBROSKI *vs.* MAX N. ABRAMS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 10th—decided March 28th, 1933.

*C. Hadlai Hull*, for the appellant (defendant).

*Arthur T. Keefe*, with whom was *Leon J. Beisheim*, for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought her action to recover damages for injuries received by reason of a fall due, as she claims, to a defective railing of a rear veranda on the second story of a tenement house owned by the defendant. The jury rendered a verdict in her favor and the defendant has appealed. The plaintiff occupied a tenement on the second floor of the building and was upon the veranda for the purpose of using a clothesline attached to one of its posts. She was reaching for the line when she came in contact with the railing, and it gave way, causing her to fall to the ground. The defendant filed a motion for a more specific statement addressed to the complaint, but the matters which it sought to have stated were of an evidential nature and we cannot say the trial court abused its discretion in denying the motion. *Prince* v. *Takash*, 75 Conn. 616, 619, 54 Atl. 1003; *Ferguson* v. *Cripps*, 87 Conn. 241, 246, 87 Atl.

792; *Huber* v. *Douglas, Inc.,* 94 Conn. 167, 183, 108 Atl. 727. The defendant also demurred to the complaint upon four grounds. The demurrer was sustained upon one ground and the complaint amended to cure the defect. It was overruled on the other grounds. Two of these were to the effect that it did not appear in the complaint that the plaintiff's injuries were due to the negligence of the defendant or were proximately caused by the alleged defective condition of the railing, but these grounds were clearly not sound. The remaining ground was that it did not appear that the plaintiff at the time she fell was using the veranda for any purpose for which it was maintained. Whatever we might hold had the matter stopped with the demurrer, it was proven on the trial without dispute that the plaintiff was upon the veranda at the time of her fall for the entirely proper purpose of using the clothesline; and we are entitled to regard proof of this fact as sufficient to obviate any possible error in the ruling on the demurrer. *Scott* v. *Scott,* 83 Conn. 634, 636, 78 Atl. 314; *Hartford-Aetna National Bank* v. *Anderson,* 92 Conn. 643, 645, 103 Atl. 845.

The principal contention of the defendant upon this appeal is that there was a fatal variance between the allegations of the complaint and the facts proved. In the complaint as amended the plaintiff alleged that she "stepped from her tenement out upon the landing place of the veranda, fell against the railing, which gave way, causing . . . her to plunge down upon the ground." The evidence was to the effect that she went out upon the veranda, put her hand upon the post to which the clothesline was attached, reached out to get hold of it and came in contact with the railing, whereupon it gave way. There was no such material variance between allegations and proof as required the trial court to charge that upon the proof offered the

plaintiff could not recover, or as would have justified the granting of the motion in arrest of judgment based upon it. *Strakosch* v. *Connecticut Trust & Safe Deposit Co.,* 96 Conn. 471, 486, 114 Atl. 660; *Epstein* v. *Blumenthal & Co., Inc.,* 114 Conn. 195, 198, 158 Atl. 234.

The jury might reasonably have found that the rear verandas and stairways of the building were in a dilapidated condition, such as would suggest to the owner the need of inspection to see if they were reasonably safe; that the railing which fell was so weakened as to be shaky to the touch; and that the defendant visited the premises and went to the rear doors of the tenements at frequent intervals. The jury might have reasonably concluded that in the performance of a reasonable duty to inspect the premises the defendant would have discovered the defective condition which caused the plaintiff's fall in ample time to remedy it before the accident; and under such circumstances the fact that he had no actual knowledge of the defect is not of moment. *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 452, 159 Atl. 282; *Vinci* v. *O'Neill,* 103 Conn. 647, 657, 131 Atl. 408. That the clothesline was not erected by the landlord is not of consequence because, by whomever it was erected, there was ample evidence from which the jury could have inferred that he knew of its presence and acquiesced in its use by his tenants. There was nothing in the conduct of the plaintiff as it appeared in evidence that required the jury as matter of law to find her guilty of contributory negligence. The trial court did not err in refusing to set the verdict aside.

There is no error.

In this opinion the other judges concurred.