JACOB JOHN ROSE *vs.* CARL VAN BOSCH ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued January 3d—decided March 5th, 1935.

*Sydney C. Perell,* for the appellant (plaintiff).

*Freeman Light,* for the appellees (defendants).

HAINES, J. The plaintiff began an action in the Superior Court in Fairfield County against these defendants, Carl and Lillian Van Bosch, by writ and complaint dated March 17th, 1927, and served March 24th, 1927. Judgment was given November 9th, 1927, against Carl Van Bosch only. No part of the judgment had been paid when the plaintiff brought the present action against the same defendants December 4th, 1929. The original complaint alleged the judgment of November 9th, 1927, to have been $526 and costs in favor of the plaintiff "against the defendants" and that said judgment remained wholly unsatisfied.

The plaintiff moved for permission to amend his complaint, and after arguments and briefs upon the motion, it was granted by the court, whereupon the plaintiff filed the present complaint, alleging, in substance, a judgment November 9th, 1927, in favor of the plaintiff against Carl Van Bosch; that no part of the judgment had been paid and it was wholly due with interest; that about November 1st, 1929, Carl Van Bosch received a substantial sum in settlement of certain litigation in which he was plaintiff; that in order to prevent the collection of this plaintiff's judgment, a portion of the money was turned over to his wife, Lillian Van Bosch, who deposited it in her own

name in the Fidelity Title & Trust Company of Stamford; that when the money was turned over to her, Carl was insolvent, and that the transfer was for the purpose of concealing the money from the creditors of Carl, including this plaintiff; and that $1000 in the hands of the above named Trust Company had been garnisheed, which sum, although in the name of Lillian, was not her property but the property of Carl.

Issues were joined and shortly after the trial had begun, the defendants' attorney handed the plaintiff's attorney a written admission of certain facts in which it was stated that Carl was struck by an automobile April 17th, 1927, and received personal injuries; that in June, 1927, he assigned a cause of action therefor against one Ludis to his wife, Lillian; that suit was brought against Ludis in the name of Carl; that the case was settled November 25th, 1929, and the attorneys thereupon gave a check for $3692.44, being the proceeds of the settlement, to Lillian, who deposited it to her own account in the Fidelity Title & Trust Company, and the additional fact that Carl had no property between the time of the injury and the time of the settlement. These facts had been disclosed to the plaintiff's attorney by an examination of Carl as a judgment debtor, in July and August, 1933, a considerable time before the present action was tried. The finding of this latter fact is attacked as erroneous, but the record evidence does not sustain the objection. At the close of the plaintiff's evidence the defendants moved for a nonsuit and in the argument upon that motion the attorney for the defendants called the attention of the attorney for the plaintiff to a claimed variance between the amended complaint, which alleges a transfer of "money," and the foregoing facts, and did so again at the close of the defendants' evidence. No request was made by the plaintiff's attor-

ney for permission to amend until after the trial had been completed and briefs filed by both parties, when he sought permission to amend his complaint to set out the assignment made by Carl of his cause of action as established by the admission and proof. The court denied the motion, and then ruled that there was a fatal variance between the plaintiff's allegations and his proof, and that thus the defendant was entitled to judgment for costs. Both these rulings are assigned as errors.

The allegations were that Carl, on or about November 1st, 1929, received a substantial sum in settlement of litigation in which he was the plaintiff, and that a portion of this "money" was turned over to his wife and deposited in her name, to prevent the collection of the plaintiff's judgment, the defendant being insolvent. The plaintiff's evidence was that the litigation in which Carl was the record plaintiff, was settled by the payment to his attorneys of record of a sum of money, on November 18th, 1929; that this money was turned over by these attorneys, to the wife of Carl who deposited it in her name on November 25/26, 1929; that this money was so turned over to her because previously, on June 1st, 1927, Carl had assigned his right of action on which suit was afterward brought in his name, to her. There is no dispute as to the identity of the litigation in which the money was received, nor as to the amount so received and no important difference as to dates.

The trial court's conclusion was that "there was a material variance between the amended complaint and the proof," as the complaint alleged a turning over of "a sum of money," while the proof was that no money was turned over, but "a cause of action" was assigned. Judgment was given for the defendants, the ground therefor being stated in the court's memorandum as

follows: "In the opinion of the court the variance is such that there can be no recovery for the plaintiff under the present state of the pleadings. . . . Under the state of facts as above set forth, it is the opinion of the court that the issues should be decided in favor of the defendants without any prejudice as to the merits of the claims of the parties as they may be set forth in another action."

Every variance is not a fatal variance. Where the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled, it is generally treated as an immaterial variance, but where the difference is so substantial that the adverse party is misled by the averment and would be prejudiced on the merits of the case, it may be held to be a fatal variance, though the court may permit an amendment to the pleading to conform to the proof. Pomeroy, Code Remedies (4th Ed.) p. 613, § 447. In this State, all immaterial variances are to be wholly disregarded and material variances may be cured by amendment at any stage of the trial, and if the adverse party has been misled to his prejudice or put to additional expense, or if it is necessary to postpone the trial, the amendment is to be allowed only upon terms fixed by the court. Practice Book, § 96. It is a fundamental rule that the proof must correspond with the allegations, and a discrepancy in this regard was held at common law to constitute a variance. "The doctrine of variance, founded in the strict logic of pleading, made wreck of many meritorious actions and defences where the pleader had misconceived his facts or been disappointed in his proofs. . . . The codes, while not departing from the rule that the allegations and proofs must correspond, have so far modified the common-law doctrine of variance as to apply it sensibly for the furtherance rather than the

defeat of justice." Bryant, Code Pleading, p. 304, § 252. "It was . . . the purpose of the Practice Act to do away with technicalities in pleading, and discourage claims of variance." *Osborn* v. *Norwalk,* 77 Conn. 663, 665, 666, 60 Atl. 645.

The amended complaint in the instant case clearly shows that the plaintiff based his action on the claim that the defendant Carl had fraudulently disposed of and concealed his assets while insolvent, for the purpose of preventing the collection of the plaintiff's judgment. It is alleged that this was accomplished by turning over a sum of money, received in his law suit, to his wife. The defendant was thus apprised of the true nature of the plaintiff's grievance. He knew the law suit referred to and that his wife had received all of the money received therefrom. He could not have been misled to his prejudice in making his defense. Indeed, the facts regarding the transaction were all admitted by the defendant in writing and handed to the plaintiff during the trial, and were by the plaintiff put in evidence, apparently without objection raised by the defendant.

Where the allegation was that the plaintiff loaned money to the defendant who used it in the purchase of certain real estate, the proof was that the defendant received the money under an agreement that it should be used for an express purpose, which agreement the defendant failed to carry out. This court, holding the variance immaterial, said: "The complaint directed attention to the true nature of the plaintiff's loss, and this variance ought not to have misled the defendant or prejudiced him in maintaining his defense upon the merits of his case." *Scott* v. *Scott,* 83 Conn. 634, 641, 78 Atl. 314.

A good cause of action would have been made out if the proof had corresponded literally with the allega-

tions in this amended complaint. The issues created by the general denial were broad enough to permit the admission of all the evidence upon which the trial court acted. The essential issue of fraudulent conveyance of assets remained the same throughout, and in such cases the variance as to details is generally immaterial. *Jordan* v. *Apter,* 93 Conn. 302, 304, 105 Atl. 620; *Mazulis* v. *Zeldner,* 116 Conn. 314, 318, 164 Atl. 117. "The law forgives variances which, although they may magnify the injury and misstate the attendant circumstances, neither raise any doubt in the mind of the defendant as to the charge he is required to meet nor induce him to omit any matter of preparation for defence." *Davis* v. *Guilford,* 55 Conn. 351, 354, 11 Atl. 350; *Alling* v. *Forbes,* 68 Conn. 575, 578, 37 Atl. 390; *Dombroski* v. *Abrams,* 116 Conn. 454, 165 Atl. 457. Where the allegation was that the defendant caused the plaintiff's land to be overflowed by wrongfully and negligently failing to open the flood gates early enough in periods of high water, and the proof was the actual opening of the gates during high water, this court said: "The defendant can have suffered no prejudice from the method of statement adopted by the plaintiff. It directed attention to the true nature of her loss, and while the particular cause which she alleged proved not to have been the true one, its general and controlling cause was sufficiently indicated." *Osborn* v. *Norwalk,* supra, p. 666. Where it was alleged that the plaintiff paid G the sum of $50 in cash at the request of the defendant to cancel the defendant's debt to G, the proof was that G was indebted to the plaintiff for $50, and the plaintiff gave G a receipt in full to obtain a cancellation of the debt of the defendant to G. In that case this court said: "It is evident that while an actual payment to Goodhart of the sum of $50 may be matter of substance, the precise man-

ner in which that payment was accomplished is immaterial. If the plaintiff in proving his actual payment to G of the sum of $50, did disclose a mode of payment differing from that described in his complaint, such a variance in proof is immaterial. *McNerney* v. *Barnes,* 77 Conn. 155, 157, 58 Atl. 714.

There is another aspect to the question. The allegations in the amended complaint must be read in the light of the plaintiff's legal claims. Under our present system of pleading, "acts and contracts may be stated according to their legal effect." Practice Book, § 118; *Pascucci* v. *Rossi,* 91 Conn. 598, 599, 101 Atl. 22; *Griswold* v. *Branford,* 80 Conn. 453, 456, 68 Atl. 987. One of these claims is that the assignment by Carl to his wife was fraudulent, and void as to the plaintiff-creditor. This being so, the plaintiff could ignore it in his pleading and treat the money obtained by a settlement of the action in which Carl was the plaintiff, as the money of Carl. *Winchester* v. *Moriarty,* 84 Conn. 678, 682, 81 Atl. 965; *Hawes* v. *Mooney,* 39 Conn. 37, 38; *Owen* v. *Dixon,* 17 Conn. 492, 498. Thus considered, it does not appear that there was a material variance between the plaintiff's evidence and the allegations of his amended complaint.

We must hold such variance as existed in the present case to have been immaterial, and that it was error to hold it fatal and to give judgment for the defendants for that reason. Since the case must be remanded, it becomes unnecessary to discuss other assignments of error.

There is error; the case is remanded to the Court of Common Pleas to be proceeded with according to law.

In this opinion the other judges concurred.