HARTFORD-ÆTNA NATIONAL BANK *vs.* OSCAR ANDERSON.

First Judicial District, Hartford, May Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Notice to a guarantor by a bank that it has accepted his guaranty is not essential when the writing was prepared by the bank and after it had been signed was handed to the borrower who delivered it

to the bank as authorized by the guarantor; for the whole form and environment of the transaction indicates that the bank invited the execution of a guaranty which, unless rejected because of the signer's financial irresponsibility, was intended by both parties to become effective on delivery.

The guaranty in question was not to cover notes in excess of $10,000 outstanding at any time.    *Held:*—

1. That this was clearly a limitation of the guarantor's liability, and not a restriction upon the credit which the bank might extend to the borrower.

2. That assuming the bank was negligent in discounting notes to the amount of $40,000, this defense was unavailing to the guarantor under his limited liability; and furthermore, that the guarantor himself was negligent in not keeping himself informed as to the amount borrowed, inasmuch as it was within his power to terminate his liability, except as to notes then outstanding, at any time upon written notice to the bank.

Argued May 8th—decided May 28th, 1918.

ACTION upon a written guaranty for the prompt payment at maturity of promissory notes, to an amount not exceeding $10,000, of a certain corporation when indorsed by its president and discounted at the plaintiff bank, brought to the Superior Court in Hartford County where a demurrer to the special defenses of the answer was sustained (*Gager, J.*) and the cause was afterward tried upon the other issues to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff for $10,650, and appeal by the defendant. *No error.*

The written guaranty was in the following form:—
"WHEREAS I have requested the Hartford National Bank to discount notes signed by the Pierson Engineering & Construction Co. (Inc.) of Bristol and Hartford, Conn., said notes to be endorsed by Martin E. Pierson.

"Now, THEREFORE, for value received, and for considerations which I hereby acknowledge, I guarantee to said Hartford National Bank the prompt payment at maturity of any and all notes signed by said The Pierson Engineering & Construction Co. (Inc.) of

Bristol and Hartford, Conn., when endorsed by Martin E. Pierson, and discounted at the said bank.

"This guarantee shall expire only upon written notice from me to the bank and shall hold good until the payment in full of all notes discounted at the time notice is given, but it shall not cover notes in excess of ten thousand dollars ($10,000) as a total amount outstanding at any one time.

"This guaranty is intended to apply in all its conditions to such notes as are under discount at the present time at the Hartford National Bank.

"WITNESS MY HAND AND SEAL this 1 day of October, 1912.

Oscar Anderson.    (L. S.)"

The bank acted on this guaranty, and notes to the amount of $40,000 were discounted in 1916, when the Pierson Company became insolvent. The sum of $32,662.90 is now due and payable on these notes, and the defendant refuses to pay $10,000 on his guaranty.

The case turns on the validity of certain special defenses, which are sufficiently outlined in the opinion.

*Newell Jennings* and *Josiah H. Peck,* for the appellant (defendant).

*Harry W. Reynolds,* for the appellee (plaintiff).

BEACH, J. The assignments of error challenge the rulings of the court in sustaining the plaintiff's demurrers to the special defenses set up in the defendant's answer. After these demurrers had been sustained, the defendant failed to plead over and the case was heard, as if it were a defaulted case, upon the complaint alone.

The first defense, by denying that the defendant was notified by the bank that it had accepted him as guar-

antor and acted on the guaranty, raises the question whether the defendant was entitled to such notice. For the purpose of testing that question, we may look, not only to the complaint itself, but to the findings based upon its allegations. *Scott* v. *Scott*, 83 Conn. 634, 78 Atl. 314. From these it appears that the guaranty was prepared at the bank and handed to Pierson, who induced the defendant to sign it and return it to him with authority to deliver it to the bank, which was done, and the bank at once acted on it.

The facts are substantially the same as in *United States Fidelity & Guaranty Co.* v. *Riefler*, 239 U. S. 17, 36 Sup. Ct. 12, where the Fidelity Company gave to one Dooling, an applicant for a surety bond, a blank form of indemnity bond, and the defendants, at Dooling's request, signed it and authorized Dooling to deliver it to the Fidelity Company, which was done, and that company at once acted on it and became surety for Dooling. The court said (p. 24): "The only ground for hesitation is that seemingly the bond in suit might have been rejected by the company as unsatisfactory, and that therefore it may be argued that Riefler and Hall were entitled to notice that it had been accepted. But we are of opinion that in the circumstances of this case it is reasonable to understand that they took the risk. They were chargeable with notice that by their act their bond had come into the hands of the company. The bond on its face contemplated that the company would accept and act upon it at once, and disclosed the precise extent of the obligation assumed. It seems to us that when such a bond, carrying, as a specialty does, its complete obligation with the paper, is put by the obligors into the hands of the obligee and in fact is accepted by it, notice is not necessary that a condition subsequent to the delivery by which the obligee might have made it ineffectual has not been fulfilled."

This reasoning is applicable to the case at bar. The writing is in form a specialty carrying its complete obligation with the paper. It is not an offer requiring acceptance, and the circumstances under which it was executed confirm the legal effect of the contract. It was delivered to the bank, not as an offer originating with the guarantor, but in answer to the requirement of the bank that Pierson should procure this very paper to be signed by a responsible guarantor. No doubt the bank reserved the right to reject the guaranty on the ground that the signer was not acceptable, but the whole form and environment of the transaction indicates that the bank invited the execution of a guaranty which, unless rejected for that reason, was intended by both parties to become effective on delivery. We think the defendant, having executed and, by his agent, delivered this specialty to the bank, is in no position to deny that he intended the bank to accept it and act upon it at once and without notice.

The second defense and demurrer thereto raise the question whether it was a condition of the guaranty that the bank should not discount the notes of the Pierson Company to an amount exceeding $10,000 as a total amount outstanding at any one time. We think not. The phrase in question is plainly a limitation of liability and not a limitation of credit. The request for an extension of credit is not limited, and in this respect the case differs sharply from those relied on by the defendant. It is hard to see how the defendant could be effectually protected by limiting the credit of the principal debtor at one bank alone. At any rate this guaranty does not attempt to do so.

The third defense alleges, in substance, that the plaintiff bank negligently and unreasonably increased its discounts of the Pierson Company notes to $40,000, without notifying the defendant, whereby the liabilities

of the company and of the defendant on his guaranty were increased. This defense was also demurred to.

The principle attempted to be invoked is that negligence by the creditor in his relations with the debtor, which enhances the guarantor's loss, will release the latter *pro tanto.*

Assuming, without deciding, that the third defense sufficiently charges the bank with negligence in discounting the Pierson Company's notes to the amount of $40,000, the defense is not open to the defendant in this case. In the first place, the guaranty is limited so that the liability intended to be assumed by the guarantor cannot be unreasonably and unexpectedly increased in amount by the creditor's negligence, as was the fact in the two cases cited by defendant, where the guaranty was not limited in amount and the creditor negligently extended credit far in excess of the reasonable requirements of the debtor's business.

In the second place, the defendant had it in his power to terminate his liability, except as to notes then outstanding, whenever it appeared prudent to do so. He did not keep himself informed as to the amount of the Pierson Company's indebtedness to the bank, but, according to his own answer, allowed three and one half years to elapse without finding out whether the guaranty had been acted on at all. His loss is attributable as much to his neglect of his own interests as to any alleged negligence on the part of the bank.

There is no error.

In this opinion the other judges concurred.